STATE OF NORTH CAROLINA v. WAYNE DEGREE

No. 9227SC22

(Filed 15 June 1993)

1. **Criminal Law § 1054 (NCI4th)— delay in sentencing— jurisdiction of trial court to impose sentence at subsequent term**

The trial court's failure to continue prayer for judgment from 3 June 1991 until a later specified time did not divest the trial court of jurisdiction to sentence defendant at a later session of court, since a trial court is authorized to continue the case to a subsequent date for sentencing; the continuance may be for a definite or indefinite period of time, but in any event the sentence must be entered within a reasonable time after the conviction or plea of guilty; in this case the record did not reveal any improper purpose for the delay ́or any prejudice to defendant because of the delay; the delay of sixty days between the guilty plea and sentencing was itself not unreasonable in length; defendant made no request for sentencing and thus gave his tantamount consent to a continuation of the sentencing hearing; and it was immaterial that a trial judge different from the judge who presided over the taking of the guilty plea. entered the sentence.

**Am Jur 2d, Criminal Law §§ 526, 856.**

**What constitutes "unreasonable delay" within meaning of Rule 32(a)(1) of Federal Rules of Criminal Procedure, providing that sentence shall be imposed without unreasonable delay. 52 ALR Fed. 477.**

When does delay in imposing sentence violate speedy trial provision. 86 ALR4th 340.

Loss of jurisdiction by delay in imposing sentence. 98 ALR3d 605.

2. Criminal Law § 1092 (NCI4th) — finding of aggravating factor — no objection at trial — failure to preserve error for appellate review

In a prosecution of defendant for assault with a deadly weapon inflicting serious injury, defendant did not preserve for appellate review the alleged error by the trial court in finding as a nonstatutory aggravating factor that defendant intended to kill when he assaulted the victims.

Am Jur 2d, Appeal and Error §§ 553 et seq.

Appeal by defendant from judgment entered 16 July 1991 in Cleveland County Superior Court by Judge Loto Greenlee Caviness. Heard in the Court of Appeals 26 February 1993.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General J. Charles Waldrup, for the State.*

*Brenda S. McLain for defendant-appellant.*

GREENE, Judge.

Defendant Wayne Degree appeals from sentence entered after his pleas of guilty to two counts of assault with a deadly weapon inflicting serious injury pursuant to N.C.G.S. § 14-32(b).

The evidence shows that defendant, armed with a shotgun, went to the house where his mother-in-law and his estranged wife were staying. When defendant's wife looked out the glass door in the kitchen of the house, defendant shot her in the face. Defendant then broke the glass and entered the house. Defendant's mother-in-law, who had been standing in the kitchen, attempted to flee down the hall. Defendant shot her in the back. Both women were seriously injured. Defendant entered pleas of guilty to assaulting both women with a deadly weapon inflicting serious injury on 23 May 1991, and Judge John Mull Gardner conducted a sentencing hearing, during which he heard testimony from defendant. Judge Gardner then stated, "I'm going to consider one other potential mitigating factor overnight, and I'll sentence him tomorrow morn-

ing. I'll continue prayer for judgment until tomorrow morning [24 May 1991] at nine-thirty a.m." On 24 May 1991, prayer for judgment was continued until 31 May 1991. On 31 May 1991, prayer for judgment was continued until 3 June 1991. The clerk's minutes reveal that no action was taken on the case on 3 June 1991.

At some point the failure to act on the case was discovered, and defendant's sentencing hearing was rescheduled for 16 July 1991. On that date, Judge Loto Greenlee Caviness heard evidence from defendant and from the victims of the assaults, and found factors in aggravation and mitigation. Included among these was the nonstatutory aggravating factor that defendant had intended to kill when he shot the victims. Judge Caviness found that the factors in mitigation were outweighed by the factors in aggravation, and sentenced defendant to the maximum term of ten years in prison on each count, with the second sentence suspended and defendant placed on supervised probation for five years.

---

The issues are whether (I) the trial court's failure to continue prayer for judgment from 3 June 1991 until a later time divested the trial court of jurisdiction to sentence defendant at a later session of court; and, if not, (II) defendant has preserved for appellate review the alleged error by the trial court in finding as a nonstatutory aggravating factor that defendant intended to kill when he assaulted the victims.

I

[1] Defendant first argues that because he was not sentenced on 3 June 1991, the date set by the court, the court was without jurisdiction to enter sentence on 16 July 1991. We disagree.

The sentence of a criminal defendant "does not necessarily have to be imposed at the same term of court at which the verdict or plea of guilty was had." *State v. Graham*, 225 N.C. 217, 219, 34 S.E.2d 146, 147 (1945); *see also Miller v. Aderhold*, 288 U.S. 206, 211, 77 L. Ed. 702, 705-06 (1933) ("where verdict has been duly returned, the jurisdiction of the trial court . . . is not exhausted until sentence is pronounced, either at the same or succeeding term"). A trial court is authorized to continue the case to a subsequent date for sentencing. *Graham*, 225 N.C. at 219, 34 S.E.2d at 147; *Miller*, 288 U.S. at 211, 77 L. Ed. at 705-06. This continuance is frequently referred to as a "prayer for judgment continued."

A continuance of this type vests a trial judge presiding at a subsequent session of court with the jurisdiction to sentence a defendant for crimes previously adjudicated. This procedure of delaying the imposition of judgment in criminal cases is recognized by our legislature, see N.C.G.S. § 15A-1334(a) (1988) (allowing "continuance of the sentencing hearing"); N.C.G.S. § 15A-1416(b)(1) (1988) (allowing state to move for imposition of sentence when prayer for judgment has been continued), and is an exception to the general rule that the court's jurisdiction expires with the expiration of the session of court in which the matter is adjudicated. See State v. Boone, 310 N.C. 284, 287, 311 S.E.2d 552, 555 (1984). The continuance may be for a definite or indefinite period of time, but in any event the sentence must be entered "within a reasonable time" after the conviction or plea of guilty. 21 Am. Jur. 2d Criminal Law § 526, at 870 (1981) (unreasonable delay can deprive trial court of jurisdiction). If not so entered, the trial court loses jurisdiction. Id. Thus, although pursuant to N.C.G.S. § 15A-1416(b)(1), the State may "[a]t any time after verdict" move for the imposition of sentence when prayer for judgment has been continued and grounds for the imposition of sentence are asserted, the State's failure to do so within a reasonable time divests the trial court of jurisdiction to grant the motion. Deciding whether sentence has been entered within a "reasonable time" requires consideration of the reason for the delay, the length of the delay, whether defendant has consented to the delay, and any actual prejudice to defendant which results from the delay. 21 Am. Jur. 2d Criminal Law § 561, at 924 (1981).

In this case, defendant pled guilty on 23 May 1991, prayer for judgment was continued for a definite period of time until 3 June 1991, and sentence was imposed by another judge on 16 July 1991. The record does not reveal any improper purpose for the delay in sentencing, and there is no evidence that defendant suffered any actual prejudice because his sentence was entered on 16 July 1991 rather than 3 June 1991. The delay of some sixty days between the plea of guilty and the imposition of sentence was itself not unreasonable in length. Furthermore, defendant at no time prior to 16 July 1991 asked that judgment be pronounced, State v. Everitt, 164 N.C. 399, 403, 79 S.E. 274, 276 (1913) (defendant, as well as the State, could have requested that the trial court pronounce judgment at any time), and defendant's failure to make such a request on 3 June 1991 is tantamount to his consent to

a continuation of the sentencing hearing beyond that date. *See Miller*, 288 U.S. at 210, 77 L. Ed. at 705 (defendant cannot complain of delay in sentencing if he made no request for entry of judgment); *see also Whedbee v. Powell*, 41 N.C. App. 250, 254, 254 S.E.2d 645, 648 (1979) (where defendant moved for continuance of sentencing hearing he could not complain that judgment was entered at later session of court); *see generally* W.A. Harrington, Annotation, *Loss of Jurisdiction By Delay In Imposing Sentence*, 98 A.L.R. 3d 605 (1980). Therefore, the sixty-day delay in sentencing defendant was not unreasonable, and did not divest the trial court of jurisdiction to sentence defendant.

Finally, it is not material that a trial judge different from the judge who presided over the taking of the guilty plea entered the sentence. *State v. Sauls*, 291 N.C. 253, 264, 230 S.E.2d 390, 396 (1976).

Accordingly, the trial court did not err in sentencing defendant on 16 July 1991.

II

[2] Defendant next argues that the trial court improperly found as a nonstatutory aggravating factor that defendant had the intent to kill when he assaulted the victims.

Defendant did not object to the finding of the nonstatutory aggravating factor at trial. It is the general rule that failure to object to an alleged error in the trial court waives the consideration of such error on appeal. N.C. R. App. P. 10(b)(1) (1993). When a defendant has failed to object to an alleged error, but contends that an exception "by rule or law was deemed preserved or taken without" an objection at trial, *id.*, it is the defendant's burden to establish his right to appellate review "by showing that the exception was preserved by rule or law or that the error alleged constitutes plain error." *State v. Gardner*, 315 N.C. 444, 447, 340 S.E.2d 701, 705 (1986). Defendant may carry this burden by "alert[ing] the appellate court that no action was taken by counsel at trial and then establish[ing] his right to review by asserting the manner in which the exception was preserved or how the error may be noticed although not brought to the attention of the trial court." *Id.* at 447-48, 340 S.E.2d at 705 (citation omitted). If defendant fails to comply with these requirements, his right to appellate review is waived. *Id.* at 448, 340 S.E.2d at 705.

Defendant failed to object at the sentencing hearing to the trial court's consideration of the nonstatutory aggravating factor. Defendant has failed to give this Court notice of his failure to object at trial, and has also failed to establish that any rule or law would preserve his assignment of error without an objection at trial. He does not argue that the trial court's consideration of the aggravating factor constituted plain error. His right to appellate review on this issue is, therefore, waived.

Accordingly, the sentencing order is

Affirmed.

Chief Judge ARNOLD and Judge McCRODDEN concur.