STATE OF NORTH CAROLINA v. PHILLIP LEE ABSHER

No. 13PA93

(Filed 5 November 1993)

**Criminal Law §§ 1053, 1457 (NCI4th)— prayer for judgment continued for thirty days—jurisdiction to sentence after thirty days**

Where the trial court announced at the time defendant entered a plea of guilty to DWI that prayer for judgment would be continued for thirty days without conditions, the trial court did not lose jurisdiction to impose a sentence because the State failed to move for the imposition of a sentence within thirty days after prayer for judgment was continued. The prayer for judgment was in effect continued from term to term when a sentence was not imposed, and the court had jurisdiction to impose a sentence as long as prayer for judgment was not continued for an unreasonable time and defendant was not prejudiced.

**Am Jur 2d, Criminal Law §§ 526 et seq., 560.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of an unpublished decision of the Court of Appeals, 108 N.C. App. 356, 424 S.E.2d 464 (1992), vacating a judgment entered by Martin (Lester P., Jr.), J., on 27 October 1989 at the Criminal Session of Superior Court, Wilkes County. Heard in the Supreme Court 13 September 1993.

This case brings to the Court a question as to the jurisdiction of the superior court to enter a judgment more than thirty days after the entry of a guilty plea, when the court at the time of the plea announced that prayer for judgment would be continued for thirty days. The defendant pled guilty to driving while impaired in Superior Court, Wilkes County on 18 May 1989. At a sentencing hearing, the arresting officer testified without objection that the defendant had a prior conviction of driving while impaired in April of 1985. The presiding judge continued prayer for judgment for thirty days. A sentence was not imposed within thirty days.

On 27 October 1989, the defendant appeared in Superior Court, Wilkes County and made a motion to dismiss the case on the ground that a sentence was not imposed within the time specified. The court overruled the motion and sentenced the defendant to

one year in prison. The prison sentence was suspended and the defendant was placed on unsupervised probation for one year. As a condition of probation, the defendant was ordered to serve seven days in the county jail. The time in jail was to be served on weekends.

The defendant appealed to the Court of Appeals which vacated the sentence, 100 N.C. App. 453, 396 S.E.2d 825 (1990). This Court reversed, holding that the Court of Appeals should have granted the State's motion to dismiss the appeal because the defendant did not have a right to appeal from a guilty plea, 329 N.C. 264, 404 S.E.2d 848 (1991). The Court of Appeals granted the defendant's petition for certiorari and again vacated the sentence of the superior court, 108 N.C. App. 356, 424 S.E.2d 464. We allowed the State's petition for discretionary review.

*Michael F. Easley, Attorney General, by Isaac T. Avery, III, Special Deputy Attorney General, for the State, appellant.*

*Larry S. Moore, John E. Hall, Max F. Ferree, and William C. Gray, Jr., for defendant-appellee.*

WEBB, Justice.

The defendant argues that it was the duty of the State to move for the imposition of a sentence within thirty days from the time the prayer for judgment was continued and when it failed to do so, the court lost its jurisdiction to impose a sentence. We hold there is no such requirement.

When the defendant entered the guilty plea, the court had the power to continue the prayer for judgment to a later term. *State v. Graham*, 225 N.C. 217, 34 S.E.2d 146 (1945); N.C.G.S. § 15A-1334(a) (1988). The prayer for judgment was in effect continued from term to term when a sentence was not imposed. As long as a prayer for judgment is not continued for an unreasonable period, as it was not in this case, and the defendant was not prejudiced, as he was not in this case, the court does not lose the jurisdiction to impose a sentence. *In re: Greene*, 297 N.C. 305, 225 S.E.2d 142 (1979); *State v. Griffin*, 246 N.C. 680, 100 S.E.2d 149 (1957).

The defendant relies on *State v. Gooding*, 194 N.C. 271, 139 S.E. 436 (1927). In *Gooding*, the superior court imposed a sentence requiring the defendant to pay a fine of $150.00, and the cost, with which the defendant complied. The court also continued the

STATE v. ABSHER

[335 N.C. 155 (1993)]

prayer for judgment for one year upon condition that the defendant be of good behavior. Eighteen months later, the court imposed a sentence of one year for violation of the condition upon which the prayer for judgment was continued. We reversed, saying a sentence could not be imposed more than one year after the prayer for judgment was imposed.

*Gooding* does not control this case. In this state, we have made a distinction between cases in which prayer for judgment is continued with conditions imposed and cases in which prayer for judgment is continued without any conditions. *State v. Pledger,* 257 N.C. 634, 127 S.E.2d 337 (1962). In *Gooding,* a condition was imposed on the prayer for judgment, and the defendant was required to pay a fine of $150.00 and to pay the costs. In this case, no conditions were imposed. In *Gooding,* the court could not impose a sentence on defendant at one term and continue prayer for judgment and impose another sentence at a subsequent term. In this case, only one sentence was imposed. That is the distinction between this case and *Gooding.* To the extent the language of *Gooding* is inconsistent with the language of this case, *Gooding* is overruled.

Our decision in this case is consistent with *State v. Degree,* 110 N.C. App. 638, 430 S.E.2d 491 (1993).

For the reasons stated in this opinion, we reverse the Court of Appeals and remand to the Court of Appeals for remand to superior court for reinstatement of the sentence.

REVERSED AND REMANDED.