STATE v. LEA

[156 N.C. App. 178 (2003)]

STATE OF NORTH CAROLINA v. ORLANDO TREMAINE LEA, Defendant

No. COA02-344

(Filed 18 February 2003)

### Sentencing— attempted second-degree murder convictions vacated—motion to pray judgment on assault convictions

The trial court did not err by allowing the State's motion to pray judgment on multiple assault convictions five years after defendant's convictions for multiple attempted second-degree murders were vacated based on the fact that the crime of attempted second-degree murder was no longer recognized in North Carolina, because: (1) the delay is not unreasonable since for five years judgment was in effect which had been properly entered on defendant's convictions for attempted second-degree murder; (2) the record does not show that defendant objected to the continuation of the prayer for judgment or that he ever requested that the trial court enter judgment on the assault convictions which is tantamount to his consent to a continuation of judgment during that time period; and (3) there is no evidence that defendant suffered any actual prejudice due to the delay in sentencing, and defendant only argued about the length of the sentence he was about to receive.

On Writ of Certiorari to review judgments entered 18 May 2000 by Judge J.B. Allen, Jr. in Alamance County Superior Court. Heard in the Court of Appeals 30 October 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Christopher W. Brooks, for the State.*

*Walter T. Johnson, Jr., for defendant-appellant.*

HUDSON, Judge.

Defendant Orlando T. Lea ("defendant") was convicted of three counts of attempted second-degree murder and three counts of assault. The superior court entered a prayer for judgment continued on the assault convictions. When the North Carolina Supreme Court later held that the crime of attempted second-degree murder did not exist in North Carolina, the superior court vacated those convictions and entered judgment on the assault convictions. Defendant appealed, contending that the five years that had passed in the

interim was unreasonable and had prejudiced him. For the reason set forth below, we affirm the decision of the superior court.

Defendant was convicted in 1995 of three counts of attempted second-degree murder, one count of assault with a deadly weapon inflicting serious injury, two counts of assault with a deadly weapon, and one count of discharging a firearm into occupied property. The trial court sentenced defendant for the three counts of attempted second-degree murder and for discharging a firearm into occupied property. The court entered a prayer for judgment continued on the conviction for assault with a deadly weapon inflicting serious injury and the two convictions for assault with a deadly weapon.

Defendant appealed to this Court. In *State v. Lea*, 126 N.C. App. 440, 485 S.E.2d 874 (1997), we found no error in defendant's convictions and sentence. Then, in April 2000, our Supreme Court held that the crime of attempted second-degree murder did not exist under North Carolina law. *State v. Coble*, 351 N.C. 448, 527 S.E.2d 45 (2000). In May 2000, defendant filed a motion for appropriate relief requesting that the superior court vacate his three convictions for attempted second-degree murder. The State filed a motion to pray judgment on defendant's assault convictions.

The superior court held a hearing on both motions on 18 May 2000. The court granted defendant's motion and vacated defendant's convictions for attempted second-degree murder. The court also granted the State's motion to pray judgment and sentenced defendant to consecutive terms of 120 days on the two convictions for assault with a deadly weapon. As the court explained:

> [T]here was a reasonable cause for the delay in the entry of final judgment in those convictions of Defendant Lea upon which Prayer for Judgment was originally continued in these matters, because for five years, there was an affirmed judgment of the defendant in the attempted second-degree murder convictions. Thus, the conviction remained intact until the rulings in . . . *State v. Coble* in April of this year.

The court also sentenced defendant to a consecutive term of 42 to 60 months on the conviction for assault with a deadly weapon inflicting serious injury.

On 1 August 2001, defendant filed a petition for certiorari with this Court, which we allowed.

Defendant argues that the trial court erred when it allowed the State's prayer for judgment. Specifically, defendant contends that the prayer for judgment had been continued for an unreasonable period of time and that he has been prejudiced thereby.

A trial court has the inherent power to designate the manner by which its judgments shall be executed. *State v. Griffin*, 246 N.C. 680, 682, 100 S.E.2d 49, 51 (1957). For example, a court is authorized to continue a case to a subsequent date for sentencing. *State v. Degree*, 110 N.C. App. 638, 640, 430 S.E.2d 491, 493 (1993). This continuance is frequently referred to as a "prayer for judgment continued" and vests a trial judge presiding at a subsequent session of court with the jurisdiction to sentence a defendant for crimes previously adjudicated. *Id.* at 640-41, 430 S.E.2d at 493; see also N.C. Gen. Stat. § 15A-1334(a) (allowing continuance of a sentencing hearing); N.C. Gen. Stat. § 15A-1416(b)(1) (allowing the State to move for imposition of a sentence when prayer for judgment has been continued).

The continuance may be for a definite or indefinite period of time, but, in any event, the sentence must be entered within a reasonable time after the conviction or plea of guilty. *State v. Absher*, 335 N.C. 155, 156, 436 S.E.2d 365, 366 (1993); *Degree*, 110 N.C. App. at 641, 430 S.E.2d at 493. If not so entered, the trial court loses jurisdiction. *Absher*, 335 N.C. at 156, 436 S.E.2d at 366. In *Degree,* this Court explained that determining whether a sentence has been entered within a reasonable time period requires "consideration of the reason for the delay, the length of the delay, whether defendant has consented to the delay, and any actual prejudice to defendant which results from the delay." *Degree*, 110 N.C. App. at 641, 430 S.E.2d at 493.

Here, the sentence was entered a little more than five years after defendant was convicted. In light of the circumstances of this case, we conclude that the sentence was entered within a reasonable time.

First, the delay is not unreasonable because for five years judgment was in effect, which had been properly entered on defendant's convictions for attempted second-degree murder. The jury returned its verdict on the original convictions on 9 May 1995. At that time, the court continued the prayer for judgment on defendant's assault convictions because, as explained in the order entered 16 June 2000, of the long consecutive active sentences imposed in the judgments on the three counts of attempted second-degree murder. Defendant's

judgments and sentences were upheld by this Court on 17 June 1997. It was not until 7 April 2000, that the Supreme Court issued its opinion in *Coble* in which it held that the crime of attempted second-degree murder did not exist in North Carolina. On 8 May 2000, based on *Coble*, defendant filed his motion for appropriate relief seeking to set aside his convictions for attempted second-degree murder. Within a week of defendant's motion and less than a month after *Coble* was handed down, the State filed its motion to pray judgment on the assault convictions. The superior court entered judgment on 18 May 2000, about a month after *Coble* was decided and then filed an order with findings and conclusions to explain its rulings on 16 June 2000.

When the Supreme Court decided that the crime of attempted second-degree murder did not exist, defendant's active sentences on those counts had to be set aside. Yet, by praying judgment, the State sought to ensure that defendant suffered some consequences for his criminal conduct. This procedure has precedent. In *State v. Pakulski*, for example, the superior court arrested judgment on the defendant's breaking or entering and larceny convictions and sentenced the defendant for felony murder. *Pakulski*, 326 N.C. 434, 390 S.E.2d 129 (1990). This Court on appeal reversed the felony murder conviction, and the State prayed for judgment on the breaking or entering and larceny convictions. The trial court entered judgment on those convictions, three years and four months after the jury had convicted the defendant. Our Supreme Court concluded that there was "no legal impediment to entry of judgment and imposition of sentence on the valid verdicts of guilty of breaking or entering and larceny." *Id.* at 436, 390 S.E.2d at 130; see also *State v. Mahaley*, 122 N.C. App. 490, 470 S.E.2d 549 (1996) (judgment that was entered on conspiracy and robbery convictions four years and six months after judgment was arrested was upheld where the defendant's death sentence on a murder charge was vacated on appeal); *State v. Pakulski*, 106 N.C. App. 444, 417 S.E.2d 515 (judgment entered on robbery convictions five years and eight months after judgment that was arrested was held to be proper where the defendant's murder conviction had been set aside on appeal and State decided not to prosecute murder charge but to pray judgment on robbery convictions), *disc. review denied*, 332 N.C. 670, 424 S.E.2d 415 (1992).

We also consider whether defendant consented to the delay in this case. Although a prayer for judgment "may not be continued over the defendant's objection," *State v. Jaynes*, 198 N.C. 728, 730, 153 S.E.

410, 411 (1930), the record does not show that defendant here objected to the continuation of the prayer for judgment or that he ever requested that the trial court enter judgment on the assault convictions. His failure to do either is "tantamount to his consent to a continuation of" judgment during that time period. *Degree*, 110 N.C. App. at 641-42, 430 S.E.2d at 493.

Moreover, there is no evidence that defendant suffered any actual prejudice due to the delay in sentencing. He has not, for example, demonstrated any impediment to his ability to properly present evidence or argument to the trial court resulting from the five-year delay. In fact, at the motion hearing, defendant made no argument as to why the delay prejudiced him but argued only about the length of the sentence he was about to receive.

Accordingly, we hold that the judgments were entered here within a reasonable period of time and that defendant suffered no actual prejudice thereby.

We conclude that the trial court did not err in allowing the State's motion to pray judgment.

Affirmed.

Judges McGEE and BIGGS concur.

Judge Biggs concurred prior to 1/1/03.