**STATE v. WATKINS**

[229 N.C. App. 628 (2013)]

STATE OF NORTH CAROLINA
v.
RAYMOND WATKINS, Defendant

No. COA13-260

Filed 17 September 2013

1.  **Appeal and Error—writ of certiorari—failure to timely pursue appeal—no fault of defendant**

     Defendant's petition for writ of *certiorari* was allowed and the State's motion to dismiss his appeal was denied. Defendant lost his right to prosecute an appeal by failure to take timely action due to an oversight by the trial court in failing to file the appellate entries despite defendant's notice of appeal.

2.  **Jurisdiction—sentencing—insufficient findings of fact**

     The trial court's findings of fact regarding its jurisdiction to sentence defendant were insufficient and the issue was remanded for a *de novo* re-sentencing hearing to allow for findings on that issue.

On Writ of Certiorari to review judgment entered on or about 3 July 2008 by Judge James L. Baker, Jr. in Superior Court, Buncombe County. Heard in the Court of Appeals 29 August 2013.

*Attorney General Roy A. Cooper, III by Assistant Attorney General Joseph L. Hyde, for the State.*

*Appellate Defender Staples Hughes by Assistant Appellate Defender Hannah Hall, for defendant-appellant.*

STROUD, Judge.

Raymond Watkins ("defendant") appeals the judgment entered 3 July 2008 after he pled guilty to financial card theft and attaining the status of a habitual felon. For the following reasons, we remand for a new sentencing hearing.

I. Background

On 15 November 2004, defendant pled guilty to financial card theft and having attained habitual felon status. Pursuant to a plea agreement, prayer for judgment was continued to 24 January 2005; by consent of

both parties it was continued again until 23 January 2006; and, for reasons that are unclear from the record, it was postponed and rescheduled no less than five more times in 2006. In the interim, defendant was dealing with several federal criminal matters: in April 2005 he was arrested for a federal probation violation and sentenced to a year in federal custody, and in June 2006 he was convicted for possession of a firearm by a felon and sentenced to sixty months in federal prison. Ultimately, defendant was not sentenced in this case until 5 February 2007, more than a year after the date to which sentencing was last continued.

At the 5 February 2007 sentencing hearing, defendant contended the trial court was divested of jurisdiction to sentence him because of the lengthy delay. The State responded by speculating that the delay was caused by difficulties transferring defendant from the federal prison system to state court for a hearing. Without further discussion of the issue, the trial court found "in its discretion" that it did have jurisdiction to pronounce a sentence. It then sentenced defendant to a minimum of 64 and a maximum of 85 months imprisonment, the sentence to run concurrently with the federal sentence defendant was serving at the time.

The State appealed, and in an opinion filed 3 March 2008 this Court held the sentence was erroneous because the penalty imposed fell below the statutory minimum and because the trial court imposed a concurrent sentence of imprisonment when a consecutive one was required by N.C. Gen. Stat. § 14-7.6. *See State v. Watkins*, 189 N.C. App. 784, 659 S.E.2d 58 (2008). While defendant again raised the issue of jurisdiction in his appellee's brief, he did not cross-appeal and this Court did not address the issue of jurisdiction in its opinion. *Id.*

After the sentence was vacated and remanded by this Court, a re-sentencing hearing was held on 3 July 2008. Defendant again challenged the trial court's jurisdiction to pronounce a sentence, and the trial court again overruled defendant's objection—this time on grounds that the trial court was reluctant to contradict the original trial judge's finding on jurisdiction and that it was "clothed with jurisdiction by the appellate order." Because he was convicted of a class C felony[1] with a prior record level IV, defendant was sentenced to imprisonment for a minimum term of 80 months and a maximum term of 105 months. Defendant gave oral notice of appeal at the close of the re-sentencing hearing.

---

1. Defendant was convicted of financial card theft, a Class I felony, and attaining habitual felon status, which raises the punishment to that of a Class C felony.

## II.  Petition for Writ of Certiorari and Motion to Dismiss Appeal

[1]  Defendant's appeal comes to this Court under a rather unusual set of circumstances. Defendant gave oral notice of appeal on 3 July 2008. Yet, apparently due to an administrative oversight, the trial court did not complete defendant's appellate entries until more than four years later, on 13 September 2012.

On 1 April 2013, defendant filed a petition for writ of certiorari in this Court "to permit appellate review of the July 3, 2008 Judgment and Commitment because [defendant] has lost his right to prosecute an appeal by failure to take timely action due to no fault of his own." The State responded on 9 April 2013 and filed a motion to dismiss the appeal pursuant to N.C.R. App. P. 25(a), arguing defendant failed to timely "take any action required to present the appeal for decision."

The State argues that because no order establishing defendant's indigency *for the appeal* was entered on 3 July 2008, defendant had fourteen days to contract for the transcript under N.C.R. App. P. 7 and, by missing this and subsequent deadlines, defendant failed to comply with the rules. We need not reach this issue because, in any event, it would be inappropriate to punish defendant for what was clearly an oversight on the part of the trial court in failing to file the appellate entries despite defendant's notice of appeal. We therefore allow defendant's petition for writ of certiorari, deny the State's motion to dismiss, and proceed to the merits of defendant's appeal.

## III.  Re-Sentencing

[2]  On appeal, defendant contends the trial court (1) lacked jurisdiction to sentence defendant because the State failed to move for imposition of the sentence within a reasonable time after the last date to which prayer for judgment was continued, (2) erred in finding that a trial court cannot enter a prayer for judgment continued in a case involving habitual felon status, (3) erred in sentencing defendant at a prior record level IV because the State failed to present sufficient evidence regarding defendant's prior convictions, and (4) impermissibly used two prior convictions to establish both defendant's prior record level and defendant's habitual.felon status. Because we hold the trial court's findings on the threshold issue of jurisdiction were insufficient and remand for a *de novo* re-sentencing hearing to allow for findings on that issue, we do not address defendant's remaining arguments.

A. Sentencing Jurisdiction

Once a guilty plea is accepted in a criminal case, a trial court may continue the case to a subsequent date for sentencing. *State v. Absher*, 335 N.C. 155, 156, 436 S.E.2d 365, 366 (1993); N.C. Gen. Stat. § 15-1334(a) (2007). "A continuance of this type vests a trial judge presiding at a subsequent session of court with the jurisdiction to sentence a defendant for crimes previously adjudicated." *State v. Degree*, 110 N.C. App. 638, 641, 430 S.E.2d 491, 493 (1993). Although the General Statutes appear to authorize the State to move for imposition of a sentence "[a]t any time" when a prayer for judgment has been continued, N.C. Gen. Stat. § 15A-1416(b)(1) (2007), we have held that "the State's failure to do so within a reasonable time divests the trial court of jurisdiction to grant the motion." *Degree*, 110 N.C. App. at 641, 430 S.E.2d at 493. Yet even when a prayer for judgment is continued to a date certain and a sentence is not imposed until long after that date, a trial court is not stripped of jurisdiction to impose the sentence "[a]s long as a prayer for judgment is not continued for an unreasonable period . . . and the defendant was not prejudiced." *Absher*, 335 N.C. at 156, 436 S.E.2d at 366.

We have previously noted several factors relevant to determining whether sentencing has been continued for "an unreasonable period," such as "the reason for the delay, the length of the delay, whether defendant has consented to the delay, and any actual prejudice to defendant which results from the delay." *Degree*, 110 N.C. App. at 641, 430 S.E.2d at 493. In any case, a defendant's failure to request sentencing on the last date to which a prayer for judgment has been continued "is tantamount to his consent to a continuation of the sentencing hearing beyond that date." *Id.* at 641–42, 430 S.E.2d at 493.[2]

Here, defendant contends the trial court that imposed his original sentence on 5 February 2007 was divested of jurisdiction because prayer for judgment was last continued to 23 January 2006 and he was not sentenced until one year and thirteen days after that date. Relying on the factors we considered in *Degree*, defendant argues that this delay was without valid justification, was unreasonable in length, occurred without defendant's consent, and resulted in prejudice to defendant. If true, this jurisdictional defect would likewise infect the 3 July 2008 re-sentencing

---

2. The Legislature recently enacted N.C. Gen. Stat. § 15A-1331.2, which governs prayers for judgment continued for certain felonies. Nevertheless, we do not reach the issue of how this statute affects the rules laid out in *Degree* and *Absher* as the statute only applies to offenses committed on or after 1 December 2012, 2012 N.C. Sess. Laws 149, §§ 11, 12, and is therefore inapplicable in the present case.

hearing because (1) the trial court simply relied on the original trial court's finding of jurisdiction,[3] and (2) the trial court wrongly concluded it was "clothed with jurisdiction by" this Court on remand when the issue of jurisdiction was not addressed by our previous opinion in this case.

Of course, if we had determined that the trial court possessed jurisdiction, it would be bound by that determination. Here, however, the issue of jurisdiction was not expressly determined by this Court. Moreover, the trial court's jurisdiction it was not "necessarily involved in determining the case" before us and was not "embodied in the determination made by the Court." *Hayes v. City of Wilmington*, 243 N.C. 525, 536, 91 S.E.2d 673, 681–82 (1956). While "an appellate court has the power to inquire into jurisdiction in a case before it at any time, even *sua sponte*," *Herman*, ___ N.C. App. at ___, 726 S.E.2d at 866 (quotation marks omitted), it does not follow that the Court *necessarily* did so here. Such an assumption is especially questionable where, as here, the parties agreed that jurisdiction is an issue to be resolved on remand.

Defendant argued in his appellee's brief filed in response to the State's 2007 appeal almost verbatim what he argues now—that the record raises a colorable issue of jurisdiction, but that the facts may need to be more fully developed in the trial court. In its reply brief in the first appeal on this matter, the State contended the issue of jurisdiction ought to be set aside and the issue re-addressed by the trial court on remand for re-sentencing. The State specifically argued:

> [T]he record is simply not developed well enough at this time for meaningful review [of defendant's jurisdictional challenge], especially when it comes to the matter of whether defendant ever sought imposition of judgment. The reasons for the delay in sentencing and the matter of actual prejudice also need further development. . . . Any hearing on the jurisdiction of the trial court to enter judgment should afford both sides full opportunity to present their positions and should permit a trial judge opportunity to make a well informed determination of jurisdiction that lends itself to effective appellate review. At this point review of this jurisdictional issue will not be effective and will not lend itself to principled decision making. . . . A decision now in this appeal in favor of the State would not

---

3. The original sentencing court also made no findings relevant to whether the delay in sentencing was reasonable. It simply announced "in its discretion" that it had jurisdiction.

necessarily preclude a subsequent challenge by defendant to the trial court's jurisdiction to enter a judgment modified to comport with statutory requirements. This is particularly true if the Court made its decision without prejudice to defendant to raise the jurisdictional issue by applicable means in the superior court. In all events, the State says this Court should decide the appeal on its merits and let the parties concern themselves with litigating the jurisdictional issue in the court below.

This Court apparently agreed and did not address the jurisdictional issue. Thus, the issue of jurisdiction was not "necessarily involved in determining the case" before us and was not "embodied in the determination made by the Court." *See Hayes*, 243 N.C. at 536, 91 S.E.2d at 681–82. Because the issue of jurisdiction was not decided on appeal and was left for further consideration by the trial court during re-sentencing, the trial court could not have been "clothed with jurisdiction" by this Court's previous opinion.

Furthermore, although defendant failed to cross-appeal the issue of jurisdiction initially, nothing in our case law suggests that once the trial court loses jurisdiction due to an unreasonable delay in sentencing, it can somehow regain it. Moreover, "[i]t is well-established that the issue of a court's jurisdiction over a matter may be raised at any time." *State v. Shaw*, ___ N.C. App. ___, ___, 737 S.E.2d 596, 600 (2012) (citation and quotation marks omitted). Thus, defendant's failure to cross-appeal the original determination of jurisdiction is not fatal to his jurisdictional argument in this appeal.[4]

The one-year delay here was not unreasonable in and of itself. *See State v. Lea*, 156 N.C. App. 178, 180, 576 S.E.2d 131, 133 (2003) (finding that when delay was due to *defendant's* successful appeal, over five-year delay in sentencing was not unreasonable); *State v. Pakulski*, 106 N.C. App. 444, 452, 417 S.E.2d 515, 520 (finding a five and a half year delay reasonable where much of the delay was "attributable" to the defendants), *disc. rev. denied*, 332 N.C. 670, 424 S.E.2d 415 (1992).

Nevertheless, there are insufficient facts in the record for this Court to weigh the remaining three factors we considered in *Degree*. Thus, we must remand for a *de novo* sentencing hearing. Specifically, the trial

---

4. This case is not one where the original sentencing court made relevant findings of fact that were not challenged on appeal. *Cf. State v. Richmond*, ___ N.C. App. ___, ___, 715 S.E.2d 581, 583 (2011) (noting that "findings of fact to which defendant failed to assign error are binding on appeal" (citation and quotation marks omitted)).

court should take evidence and make findings on (1) whether the delay in sentencing defendant had any valid justification tied to defendant's incarceration in federal prison in 2005 and 2006—for instance, whether his federal incarceration hampered the State's efforts to sentence defendant in North Carolina court; (2) whether defendant consented to the delay in sentencing by failing to request sentencing on or around 23 January 2006, *compare Degree*, 110 N.C. App. at 641–42, 430 S.E.2d at 493 (stating that a defendant's failure to request sentencing on the last date to which prayer for judgment is continued is "tantamount to his consent to a continuation of the sentencing hearing beyond that date."), *with Lea*, 156 N.C. App. at 181, 576 S.E.2d at 133 ("a prayer for judgment may not be continued over the defendant's objection." (citation and quotation marks omitted)); and (3) whether defendant was in fact prejudiced. Without further factual findings from the trial court on these questions, any attempt by this Court to conclusively decide whether the trial court was stripped of jurisdiction due to an "unreasonable" delay in sentencing would be based on pure speculation.

Jurisdiction is a condition precedent to a trial court's authority to impose a sentence upon criminal defendants. *See State v. Batdorf*, 293 N.C. 486, 494, 238 S.E.2d 497, 502 (1977) ("jurisdiction is a matter which, when contested, should be proven by the prosecution as a prerequisite to the authority of a court to enter judgment."). Here defendant contested jurisdiction at both the 5 February 2007 hearing and the 3 July 2008 hearing. In each instance the trial court found it had jurisdiction to sentence defendant, but the record contains insufficient information to permit an appropriate review of defendant's argument on that point. We therefore remand this case for a *de novo* sentencing hearing in accordance with this Court's holding in *Degree*, 110 N.C. App. at 641, 430 S.E.2d at 493, so the trial court can properly consider the jurisdictional issue raised by defendant.

## IV. Conclusion

The record in this case lacks the information necessary for this Court to properly consider defendant's objection to the trial court's jurisdiction. Therefore, the trial court's judgment must be reversed and this case remanded for a *de novo* sentencing hearing so the trial court may have an opportunity to take evidence and make findings relevant to this issue.

REVERSED AND REMANDED.

Judges CALABRIA and DAVIS concur.