CALABRIA, Judge.
 

 *725
 
 Raymond Watkins ("defendant") appeals by writ of certiorari from an order entered upon remand after a decision of this Court reversing his first sentence.
 
 See
 

 State v. Watkins,
 

 229 N.C.App. 628
 
 ,
 
 747 S.E.2d 907
 
 (2013) ( "
 
 Watkins II
 
 "). In
 
 Watkins II,
 
 this Court concluded that the record was inadequate to address defendant's threshold jurisdictional challenge, elected not to address defendant's remaining challenges, and remanded for a
 
 de novo
 
 sentencing hearing in accordance with this Court's holding in
 
 State v. Degree,
 

 110 N.C.App. 638
 
 , 641,
 
 430 S.E.2d 491
 
 , 493 (1993). On remand, after the trial court held an evidentiary hearing on the issue of jurisdiction, it concluded the court had jurisdiction to sentence defendant and reinstated the sentence this Court reversed in
 
 Watkins II.
 
 Because the trial court failed to conduct a
 
 de novo
 
 resentencing on remand, we vacate the sentence and remand for resentencing.
 

 *726
 

 I. Background
 

 The following procedural and factual history is taken from this Court's opinion in
 
 Watkins II:
 

 On 15 November 2004, defendant pled guilty to financial card theft and having attained habitual felon status. Pursuant to a plea agreement, prayer for judgment was continued to 24 January 2005; by consent of both parties it was continued again until 23 January 2006; and, for reasons that are unclear from the record, it was postponed and rescheduled no less than five more times in 2006. In the interim, defendant was dealing with several federal criminal matters: in April 2005 he was arrested for a federal probation violation and sentenced to a year in federal custody, and in June 2006 he was convicted for possession of a firearm by a felon and sentenced to sixty months in federal prison. Ultimately, defendant was not sentenced in this case until 5 February 2007, more than a year after the date to which sentencing was last continued. At the 5 February 2007 sentencing hearing, defendant contended the trial court was divested of jurisdiction to sentence him because of the lengthy delay. The State responded by speculating that the delay was caused by difficulties transferring defendant from the federal prison system to state court for a hearing. Without further discussion of the issue, the trial court found "in its discretion" that it did have jurisdiction to pronounce a sentence. It then sentenced defendant to a minimum of 64 and a maximum of 85 months imprisonment, the sentence to run concurrently with the federal sentence defendant was serving at the time.
 

 The State appealed, and in an opinion filed 3 March 2008 this Court held the sentence was erroneous because the penalty imposed fell below the statutory minimum and because the trial court imposed a concurrent sentence of imprisonment when a consecutive one was required by N.C. Gen.Stat. § 14-7.6.
 
 See
 

 *281
 

 State v. Watkins,
 

 189 N.C.App. 784
 
 ,
 
 659 S.E.2d 58
 
 (2008). While defendant again raised the issue of jurisdiction in his appellee's brief, he did not cross-appeal and this Court did not address the issue of jurisdiction in its opinion.
 

 Id.
 

 *727
 
 After the sentence was vacated and remanded by this Court, a re-sentencing hearing was held on 3 July 2008. Defendant again challenged the trial court's jurisdiction to pronounce a sentence, and the trial court again overruled defendant's objection-this time on grounds that the trial court was reluctant to contradict the original trial judge's finding on jurisdiction and that it was "clothed with jurisdiction by the appellate order." Because he was convicted of a class C felony[ ] with a prior record level IV, defendant was sentenced to imprisonment for a minimum term of 80 months and a maximum term of 105 months. Defendant gave oral notice of appeal at the close of the re-sentencing hearing.
 

 Watkins II,
 

 229 N.C.App. at 628-29
 
 ,
 
 747 S.E.2d at 908-09
 
 .
 

 Although defendant gave oral notice of appeal on 3 July 2008,
 

 apparently due to an administrative oversight, the trial court did not complete defendant's appellate entries until more than four years later, on 13 September 2012.
 

 On 1 April 2013, defendant filed a petition for writ of certiorari in this Court "to permit appellate review of the July 3, 2008 Judgment and Commitment because [defendant] has lost his right to prosecute an appeal by failure to take timely action due to no fault of his own." The State responded on 9 April 2013 and filed a motion to dismiss the appeal pursuant to N.C.R.App. P. 25(a), arguing defendant failed to timely "take any action required to present the appeal for decision."
 

 Id.
 
 at 630,
 
 747 S.E.2d at 909
 
 .
 

 The
 
 Watkins II
 
 Court allowed defendant's petition and denied the State's motion to dismiss on the grounds that "it would be inappropriate to punish defendant for what was clearly an oversight on the part of the trial court in failing to file the appellate entries despite defendant's notice of appeal."
 

 Id.
 

 On appeal in
 
 Watkins II,
 
 defendant argued,
 
 inter alia,
 
 that the trial court "lacked jurisdiction to sentence defendant because the State failed to move for imposition of the sentence within a reasonable time after the last date to which prayer for judgment was continued."
 

 Id.
 

 This Court concluded that "the record in this case lacks the information necessary for this Court to properly consider defendant's objection to the trial court's jurisdiction."
 
 Id.
 
 at 634,
 
 747 S.E.2d at 912
 
 . As a result,
 
 *728
 
 the
 
 Watkins II
 
 Court reversed the trial court's judgment and "remanded for a
 
 de novo
 
 sentencing hearing so the trial court may have an opportunity to take evidence and make findings relevant to this issue."
 

 Id.
 

 On remand from
 
 Watkins II,
 
 a hearing was held where the trial court accepted evidence and heard arguments of counsel regarding the issue of jurisdiction. After the hearing, the trial court determined: (1) the delay in sentencing was justified by defendant's incarceration in federal prison; (2) "[t]here is no evidence except pure conjecture" that if defendant were brought to Buncombe County in January 2006 and sentenced before the federal conviction, the federal government might have permitted his federal sentence to run concurrent with this State sentence; and (3) the trial court had jurisdiction to enter a judgment against defendant on 5 February 2007 and an amended judgment on 3 July 2008. Subsequently, the trial court elected not to conduct a resentencing hearing. Rather, in its written order the trial court concluded:
 

 [T]he sentence of not less than 80 months and not more than 105 months entered on July 3, 2008 by the Hon. James Baker is a legal sentence that the Court had jurisdiction to impose, and continues to be in force and effect.
 

 Defendant appeals.
 

 II. Jurisdiction
 

 As an initial matter, defendant contends that he has a right to appeal the trial court's order pursuant to N.C. Gen.Stat. § 7A-27(b). We disagree.
 

 *282
 
 N.C. Gen.Stat. § 7A-27(b) governs appeals of right. This Court has explained:
 

 [S]ection 7A-27(b) explicitly excludes from its right of appeal those cases where a final judgment is entered based on a guilty plea.
 
 See
 
 N.C. Gen.Stat. § 7A-27 (b)(1) (2013) ;
 
 State v. Mungo,
 

 213 N.C.App. 400
 
 , 401,
 
 713 S.E.2d 542
 
 , 543 (2011) (" N.C.Gen.Stat. § 7A-27(b) does not provide a route for appeals from guilty pleas.").
 

 State v. Sale,
 

 232 N.C.App. 662
 
 , 664-65,
 
 754 S.E.2d 474
 
 , 477 (2014). However, a defendant who enters a guilty plea "may petition the appellate division for review by writ of certiorari." N.C. Gen.Stat. § 15A-1444(e) (2015).
 

 In this case, defendant entered a guilty plea to a felony. In
 
 Watkins II,
 
 defendant argued,
 
 inter alia,
 
 the trial court lacked jurisdiction to sentence him based on the delay between his guilty plea and the entry of
 
 *729
 
 judgment. This Court found the record insufficient to address defendant's jurisdictional challenge and, on this ground, reversed defendant's sentence and remanded for "a
 
 de novo
 
 sentencing hearing" without specifying the procedure to review the judgment. On remand, during the trial court's hearing, evidence was presented on the issue of jurisdiction. By order entered 23 January 2014, the trial court concluded it had jurisdiction to enter judgment and ruled the 3 July 2008 sentence was a legal sentence and continues to be in effect.
 

 Because this Court did not state the procedure for review, because the trial court did not enter an appealable order, and because defendant did not seek entry of such an order by mandamus, it appears defendant is not entitled to appeal as a matter of right. However, defendant has petitioned this Court for review by certiorari. N.C. Gen.Stat. § 15A-1444(e). Furthermore, this Court has jurisdiction to issue extraordinary writs "to supervise and control the proceedings of any of the trial courts of the General Court of Justice [.]" N.C. Gen.Stat. § 7A-32(c) (2015).
 

 In our discretion, we granted defendant's petition for writ of certiorari. For purposes of this appeal and to provide defendant with an avenue for further review, we conclude the trial court's 23 January 2014 order reinstating the 3 July 2008 judgment should be treated as a final judgment imposing a sentence of a minimum of 80 months to a maximum of 105 months,
 
 nunc pro tunc,
 
 as of 3 July 2008. Our review of the trial court's 23 January 2014 order will be treated as a final judgment entered against defendant from which he has a right to appeal as provided in N.C. Gen.Stat. § 15A-1444(e).
 

 III. Analysis
 

 A. The Mandate Rule and Scope of Remand
 

 Defendant contends that the trial court erred by failing to follow the
 
 Watkins II
 
 Court's mandate and hold a resentencing hearing on remand after addressing defendant's jurisdictional challenge. Specifically, defendant argues the trial court "had a legal duty to make the required jurisdictional findings, and, if jurisdiction was found, to conduct a
 
 de novo
 
 sentencing hearing." [
 
 Def br p. 15
 
 ] The State contends that the trial court properly followed this Court's mandate, because the case was "remanded for an evidentiary hearing-which [the
 
 Watkins II
 
 Court] called 'a de novo hearing'-at which the trial court was directed to make certain findings regarding the
 
 Degree
 
 factors." According to the State, "[b]y conducting an evidentiary hearing and making the required findings, the trial court complied with this Court's mandate." We disagree.
 

 *730
 
 Although this issue has never been answered directly, this Court's interpretation of its own mandate is properly considered an issue of law reviewable
 
 de novo. See, e.g.,
 

 Laitram Corp. v. NEC Corp.,
 

 115 F.3d 947
 
 , 950 (Fed.Cir.1997) ("We give much weight to the uniform treatment of other types of decrees and judgments by trial courts as reviewed de novo. Since here we interpret our own, not a trial court's order, it seems all the clearer that no deference is due.") (citations omitted). " 'On the remand of a case after appeal, the mandate of the reviewing court is binding on the lower court, and must be strictly followed, without variation and departure from the mandate of the appellate court.' "
 
 Bodie v. Bodie,
 
 ---N.C.App. ----, ----,
 
 768 S.E.2d 879
 
 , 881 (2015) (quoting
 
 *283
 

 Collins v. Simms,
 

 257 N.C. 1
 
 , 11,
 
 125 S.E.2d 298
 
 , 306 (1962) ). "[I]t is well-established that in discerning a mandate's intent, the plain language of the mandate controls."
 
 In re Parkdale Mills,
 
 --- N.C.App. ----, ----,
 
 770 S.E.2d 152
 
 , 156 (citation omitted),
 
 disc. review denied,
 

 776 S.E.2d 200
 
 (2015). " '[D]e novo' means fresh or anew; for a second time;" and a
 
 de novo
 
 hearing in a reviewing court is a new hearing, as if no action had been taken in the court below.
 
 In re Hayes,
 

 261 N.C. 616
 
 , 622,
 
 135 S.E.2d 645
 
 , 649 (1964).
 

 It is well established that remands may be general or limited in scope. In
 
 Pepper v. United States,
 

 562 U.S. 476
 
 ,
 
 131 S.Ct. 1229
 
 ,
 
 179 L.Ed.2d 196
 
 (2011), the United States Supreme Court acknowledged the distinction made by federal courts of appeal between general and limited resentencing remands. Although resentencing remands in our State are typically
 
 de novo
 
 and are properly classified general remands,
 
 see, e.g.,
 

 State v. Morston,
 

 221 N.C.App. 464
 
 , 469,
 
 728 S.E.2d 400
 
 , 405 (2012) (citations omitted), decisions by our State's courts provide little guidance on interpreting mandates remanding cases for resentencing. However, limited and general remands for resentencing have been addressed in several federal courts of appeal.
 
 See
 

 United States v. Quintieri,
 

 306 F.3d 1217
 
 , 1228 n. 6 (2d Cir.2002) (noting that "[t]he circuits are divided as to whether a remand for resentencing should be limited or
 
 de novo
 
 absent explicit direction from the remanding court. The Sixth, Eighth, Ninth, Tenth, and Eleventh Circuits follow a
 
 de novo
 
 sentencing default rule." ... "The D.C., First, Fifth, and Seventh Circuits follow a default rule of limited resentencing.") (citations omitted). We find it appropriate to look to these cases as persuasive authority in order to enlighten and guide our inquiry.
 
 See, e.g.,
 

 Ellison v. Alexander,
 

 207 N.C.App. 401
 
 , 405,
 
 700 S.E.2d 102
 
 , 106 (2010) (citations omitted) ("Although we are not bound by federal case law, we may find their analysis and holdings persuasive.").
 

 *731
 
 In the context of resentencing remands, the Sixth Circuit explained:
 

 If a remand is general, the district court can resentence the defendant de novo, which means the district court may redo the entire sentencing process including considering new evidence and issues. When the remand is not general, the district court's resentencing authority is limited to the issue or issues remanded.
 

 United States v. O'Dell,
 

 320 F.3d 674
 
 , 679 (6th Cir.2003) (citations, quotation marks, and brackets omitted). The Sixth Circuit's default rule guides this Court in interpreting resentencing remands:
 

 The key is to consider the specific language used in the context of the entire opinion or order. However, in the absence of an explicit limitation, the remand order is presumptively a general one.
 

 United States v. Campbell,
 

 168 F.3d 263
 
 , 267-68 (6th Cir.1999) (citation omitted). The
 
 de novo
 
 sentencing default rule comports with well-established precedent of this State.
 
 See, e.g.,
 

 State v. Paul,
 

 231 N.C.App. 448
 
 , 449,
 
 752 S.E.2d 252
 
 , 253 (2013) ("Should this Court find a sentencing error and remand a case to the trial court for resentencing, that hearing shall generally be conducted
 
 de novo.
 
 ") (citations omitted).
 

 We further find the Sixth Circuit's logic underlying this presumption most persuasive:
 

 The goal of achieving judicial economy through the use of limited remands becomes futile if appellate court drafting imprecision too frequently results in parties appealing the scope of the remand itself. The purpose of the opinion and order is to inform and instruct the district court and the parties and to outline the future intended chain of events. It is the job of the appellate court adequately to articulate instructions to the district court in the remand.
 

 Consequently, to impose a limited remand, an appellate court must sufficiently outline the procedure the district court is to follow. The chain of intended events should be articulated with particularity. With sentencing issues, in light of the general principle of de novo consideration at resentencing, this court should leave no doubt in the district judge's or parties' minds as to the scope of
 
 *732
 
 the remand. The language used to limit the remand should be, in effect, unmistakable.
 

 *284
 

 United States v. Campbell,
 

 168 F.3d 263
 
 , 267-68 (6th Cir.1999).
 

 We agree that, especially in the context of resentencing remands, "[a] limited remand must convey clearly the intent to limit the scope of the district court's review."
 
 Campbell,
 

 168 F.3d at 267
 
 . Indeed, limited remands by this Court typically follow this well-established principle.
 
 See, e.g.,
 

 State v. Neal,
 

 210 N.C.App. 645
 
 ,
 
 709 S.E.2d 463
 
 , 464 (2011) ("We, therefore, remand to the trial court for the limited purpose of making the necessary findings of fact and reconsidering its conclusions of law in light of those findings.");
 
 State v. McCormick,
 

 204 N.C.App. 105
 
 , 114,
 
 693 S.E.2d 195
 
 , 200 (2010) ("We therefore remand the matter to the trial court for the limited purpose of correcting the file number on the judgment sentencing for the purposes of" "making the record speak the truth.' ").
 

 B.
 
 Watkins II
 
 Contained a General Resentencing Remand
 

 It is well established in this State that "each sentencing hearing in a particular case is a
 
 de novo
 
 proceeding."
 
 Abbott,
 
 90 N.C.App. at 751, 370 S.E.2d at 69 (citing
 
 State v. Jones,
 

 314 N.C. 644
 
 ,
 
 336 S.E.2d 385
 
 (1985) );
 
 State v. Daye,
 

 78 N.C.App. 753
 
 , 756,
 
 338 S.E.2d 557
 
 , 560 ("[T]he resentencing court must take its own look at the evidence [.]"),
 
 aff'd per curiam,
 

 318 N.C. 502
 
 ,
 
 349 S.E.2d 576
 
 (1986) ;
 
 State v. Mitchell,
 

 67 N.C.App. 549
 
 , 551,
 
 313 S.E.2d 201
 
 , 202 (1984) ("For all intents and purposes the resentencing hearing is
 
 de novo
 
 as to the appropriate sentence."). "A trial court's resentencing of a defendant to the same sentence as a prior sentencing court is not
 
 ipso facto
 
 evidence of any failure to exercise independent decision-making or conduct a
 
 de novo
 
 review."
 
 Morston,
 

 221 N.C.App. at 470
 
 ,
 
 728 S.E.2d at 406
 
 (citation omitted). However, when a trial court relies on a previous court's sentence determination and fails to conduct its own independent review of the evidence, a defendant is deprived of a
 
 de novo
 
 sentencing hearing.
 
 Abbott,
 
 90 N.C.App. at 751-52, 370 S.E.2d at 69-70.
 

 In
 
 Watkins II,
 
 defendant challenged the trial court's jurisdiction to sentence him in 2007 and again in 2008. This Court explained sentencing jurisdiction as follows:
 

 Once a guilty plea is accepted in a criminal case, a trial court may continue the case to a subsequent date for resentencing. A continuance of this type vests a trial judge presiding at a subsequent session of court with the
 
 *733
 
 jurisdiction to sentence a defendant for crimes previously adjudicated.... [W]e have held that the State's failure to [move for imposition of a sentence] within a reasonable time divests the trial court of jurisdiction to grant the motion.... We have previously noted several factors relevant to determining whether sentencing has been continued for "an unreasonable period," such as "the reason for the delay, the length of the delay, whether defendant has consented to the delay, and any actual prejudice to defendant which results from the delay."
 
 Degree,
 

 110 N.C.App. at 641
 
 ,
 
 430 S.E.2d at 493
 
 .
 

 Watkins II
 
 at 631,
 
 747 S.E.2d at 910
 
 (some citations and quotation marks omitted). Because the
 
 Watkins II
 
 Court concluded that the record was insufficient to address defendant's threshold jurisdictional challenge in light of
 
 Degree,
 
 it reversed defendant's sentence and ordered the case be remanded for resentencing, without addressing defendant's remaining challenges.
 

 On remand from
 
 Watkins II,
 
 after the trial court held an evidentiary hearing to address the
 
 Degree
 
 factors and concluded the trial court had jurisdiction to sentence defendant previously, the trial court elected not to conduct a
 
 de novo
 
 resentencing. Rather, the trial court reinstated the previously reversed sentence. The trial judge's own words clearly showed that he believed he was constrained by this Court's mandate in
 
 Watkins II
 
 from conducting a
 
 de novo
 
 sentencing hearing. After the trial court ruled on the jurisdictional issue, the prosecutor stated: "I believe we'll have to go through a resentencing now, your Honor. Looking at the appellate opinion, it talks about other issues that the defendant had raised at the time." The trial court disagreed:
 

 I'm not so sure about that.... I thought the Court of Appeals was just indicating that the only issues to be decided by this
 
 *285
 
 Court at this hearing were whether the delay in the sentencing of the defendant had any valid justification tied to his incarceration in federal prison in 2005 and 2006 and whether that incarceration hampered the State's ability to sentence the defendant in North Carolina court, whether he consented to the delay in sentencing by failing to request sentencing on or about January 23rd and whether he was, in fact, prejudiced.
 

 The trial court's written order demonstrates he interpreted our remand as a limited one: "This matter came before the Court on remand
 
 *734
 
 from the North Carolina Court of Appeals for determination whether the Court had jurisdiction to sentence Defendant." We interpret our mandate differently.
 

 In its written opinion, the
 
 Watkins II
 
 Court ordered, on four separate occasions, that the case be remanded for resentencing due to its inability to address defendant's threshold jurisdictional challenge:
 

 Because we hold the trial court's findings on the threshold issue of jurisdiction were insufficient and
 
 remand for a de novo re-sentencing hearing
 
 to allow for findings on that issue, we do not address defendant's remaining arguments.
 

 ....
 

 Nevertheless, there are insufficient facts in the record for this Court to weigh the remaining three factors we considered in
 
 Degree.
 
 Thus, we must
 
 remand for a de novo sentencing hearing.
 

 ....
 

 We therefore
 
 remand this case for a de novo sentencing hearing
 
 in accordance with this Court's holding in
 
 Degree,
 

 110 N.C.App. at 641
 
 ,
 
 430 S.E.2d at 493
 
 , so the trial court can properly consider the jurisdictional issue raised by defendant.
 

 ....
 

 Therefore, the trial court's judgment must be reversed and this case
 
 remanded for a de novo sentencing hearing
 
 so the trial court may have an opportunity to take evidence and make findings relevant to this issue.
 

 Watkins II,
 
 at 630-34,
 
 747 S.E.2d at 909-12
 
 (emphases added). In addition, we specifically ordered that the trial court take evidence on the
 
 Degree
 
 factors:
 

 [T]he trial court should take evidence and make findings on (1) whether the delay in sentencing defendant had any valid justification tied to defendant's incarceration in federal prison in 2005 and 2006-for instance, whether his federal incarceration hampered the State's efforts to sentence defendant in North Carolina court; (2) whether defendant consented to the delay in sentencing by failing to request sentencing on or around 23 January 2006,
 
 *735
 

 compare
 

 Degree,
 

 110 N.C.App. at 641-42
 
 ,
 
 430 S.E.2d at 493
 
 (stating that a defendant's failure to request sentencing on the last date to which prayer for judgment is continued is "tantamount to his consent to a continuation of the sentencing hearing beyond that date."),
 
 with
 

 Lea,
 
 156 N.C.App. at 181, 576 S.E.2d at 133 ("a prayer for judgment may not be continued over the defendant's objection." (citation and quotation marks omitted)); and (3) whether defendant was in fact prejudiced. Without further factual findings from the trial court on these questions, any attempt by this Court to conclusively decide whether the trial court was stripped of jurisdiction due to an "unreasonable" delay in sentencing would be based on pure speculation.
 

 Id.
 
 at 633-34,
 
 747 S.E.2d at 911-12
 
 . However, we never explicitly limited the scope of remand to just the jurisdictional issue.
 

 Turning to the plain language of our mandate, we ordered a
 
 de novo
 
 sentencing hearing four times and concluded "the trial court's judgment must be reversed."
 
 Watkins II,
 
 at 634,
 
 747 S.E.2d at 912
 
 . However, we recognize that the mandate must be construed in the context of the entire opinion and reasoning underlying the remand. We acknowledge that the jurisdictional issue was the sole reason we remanded the case and that our remand order referenced jurisdiction and the
 
 Degree
 
 factors three of the four times we ordered resentencing. In addition, we acknowledge that defendant's jurisdictional challenge was only one of four arguments he raised on appeal and, according to our mandate, the trial court was specifically instructed to take evidence for findings on the
 
 *286
 

 Degree
 
 factors without any other explicit instruction. However, neither the language of our previous order instructing the court to take evidence on the jurisdictional issue at resentencing nor the language remanding the case for resentencing in light of
 
 Degree
 
 expresses any limitation on the trial court's authority to conduct a
 
 de novo
 
 resentencing.
 

 Furthermore, in
 
 Watkins II,
 
 defendant raised three additional arguments that went unaddressed. Having concluded the issue of jurisdiction required remand for resentencing, this Court elected to "not address defendant's remaining arguments[,]" presumably assuming those arguments might be resolved on remand. If certain issues defendant raised on appeal might be cured on remand, it is judicially inefficient to decide them.
 
 See, e.g.,
 

 State v. English,
 

 171 N.C.App. 277
 
 , 281,
 
 614 S.E.2d 405
 
 , 408 (2005) ( "Defendant makes two additional arguments for resentencing." ... "However, because we remand for resentencing on other
 
 *736
 
 grounds, we do not reach the merits of these arguments.");
 
 Gouldin v. Inter-Ocean Ins. Co.,
 

 248 N.C. 161
 
 , 170,
 
 102 S.E.2d 846
 
 , 852 (1958) ("Since the questions raised by the plaintiff's other assignments of error may not recur on retrial, we refrain from discussing them.").
 

 The language of the remand order taken in context of the entire opinion, this Court's precedent of issuing general remands for resentencing and reaching only necessary issues on appeal, and the lack of instructions clearly limiting the scope of the remand all point to the conclusion that the
 
 Watkins II
 
 Court intended that the remand be general and that defendant be entitled to a
 
 de novo
 
 resentencing. Therefore, the
 
 Watkins II
 
 mandate, properly interpreted, required the trial court on remand to first decide the jurisdictional issue and, if found, proceed
 
 de novo
 
 with resentencing. Because the trial court misinterpreted our mandate, we vacate defendant's sentence and remand for a
 
 de novo
 
 resentencing. Because Watkins raised three other objections in his prior appeal and these issues were left undecided by this Court, he was not barred from asserting them at resentencing following the remand as well as in this appeal. Therefore, the trial court erred in refusing to consider defendant's challenges following the remand for resentencing in light of
 
 Degree.
 

 On remand, the trial court is to conduct resentencing
 
 de novo.
 
 We do not intend to limit the scope of this remand in any respect. We emphasize for clarity that the jurisdictional issue in light of
 
 Degree
 
 should also be reconsidered
 
 de novo.
 
 If the trial court concludes it has jurisdiction, the trial court is to proceed with a
 
 de novo
 
 resentencing, where defendant has the right to be present and right to assert any challenges to the legality of his sentence.
 

 IV. Conclusion
 

 This Court's decision in
 
 Watkins II
 
 is properly construed as a general remand rather than a limited remand. The trial court was required to address the jurisdictional issue and, if found, conduct a
 
 de novo
 
 resentencing. Although our mandate reversed defendant's sentence and remanded on jurisdictional grounds alone, as well as referenced the issue of jurisdiction when ordering remand for a new sentencing hearing, it never limited the scope of remand to only the issue of jurisdiction. Because the trial court misinterpreted this Court's mandate, we vacate its 23 January 2014 order and remand for a
 
 de novo
 
 resentencing.
 

 Vacated and remanded for
 
 de novo
 
 resentencing.
 

 Judges BRYANT and ZACHARY concur.