## STATE v. LAWRENCE GUSS.

(Filed 29 March, 1961.)

**1. Criminal Law §§ 80, 111—**

Where defendant testifies in his own behalf and produces evidence of his good character, such character evidence is to be considered not only upon his credibility as a witness but also as substantive evidence on the question of his guilt or innocence, and an instruction limiting its substantive character to a consideration of defendant's evidence is prejudicial.

**2. Homicide § 9—**

Evidence tending to show that defendant was at the place he had a right to be, was without fault in bringing on and entering into the difficulty, that deceased had ill will against him, and was advancing upon him at a distance of ten or twelve feet with an open knife, presents the principle that a person upon whom an assault with murderous intent is made is not under obligation to flee but may stand his ground and kill his adversary if necessary in his self-defense.

APPEAL by defendant from *Parker, J.,* November 1960 Term, of WAYNE.

This is a criminal action.

Indictment: Murder.

The Solicitor elected not to ask for a verdict of guilty of murder in the first degree, but announced that he sought only a verdict of guilty of murder in the second degree or manslaughter as the facts might justify.

Plea: Not guilty.

The State's evidence of the *corpus delicti* is comprised almost entirely of defendant's statement to investigating officers.

Summary of State's evidence:

Defendant is a member of the United States Air Force and stationed at Seymour Johnson Air Force Base. About midnight 10 July 1960 defendant, in company with Rosa Lee Anderson, was at the corner of James and Pine Streets in Goldsboro. Deceased, Roger Glenn Williams, and Bobby Cook were "tussling" and fighting in the street. Williams and Rosa Lee Anderson were cousins. Williams came over to defendant and challenged him to wrestle. Defendant declined and started walking away. Williams started toward defendant with his hand in his pocket. Someone in the crowd yelled, "Cut him up." Defendant drew a pistol and fired once. Williams walked a few feet and fell. At the time of the shooting defendant and Williams were 15 to 20 feet apart, defendant was in the middle of the street and Williams was on the sidewalk adjacent to a tavern. Williams fell against the tavern wall. Defendant left the scene and hid the pistol near his barracks. The officers found no knife on Williams' person. It was stipulated that Williams died as a result of the wound inflicted when defendant shot him with the pistol.

Evidence for defendant:

Williams was mad with defendant and other airmen. Williams had threatened defendant about three months before and warned him to stay away from Rosa Lee. As Williams advanced on defendant he had a knife in his hand — the blade was about 5 inches long. Another man was advancing on defendant from the rear. When the shot was fired Williams and defendant were 10 to 12 feet apart. Williams turned and fell against the tavern. At the time Williams started toward defendant, defendant was on the sidewalk but started backing into the street. Defendant was backing away when he fired.

Verdict: Guilty of murder in the second degree.

Judgment: Imprisonment in State's Prison for a term of "not less than 8 nor more than 12 years."

Defendant appeals.

*Attorney General Bruton and Assistant Attorney General McGalliard for the State.*

*Earl Whitted, Jr., for the defendant.*

PER CURIAM. Defendant testified in his own behalf and produced witnesses who gave testimony of his good character. The court instructed the jury as to this evidence of good character: ". . . it is to be received and considered by you for a two-fold purpose, first as going to the credibility of the defendant, Lawrence Guss, and secondly, as substantive evidence bearing directly upon his *evidence.*"

(Emphasis added). The instruction is erroneous. If a defendant is a witness in his own behalf and produces evidence of his good character, the character evidence is to be considered as substantive evidence on the question of his *guilt* and *innocence,* and also as bearing upon his credibility as a witness. Stansbury: North Carolina Evidence, s. 108, p. 205. *State v. Reddick,* 222 N.C. 520, 522, 23 S.E. 2d 909.

The instant case was tried upon the theory that defendant was required "to retreat and avoid the altercation if possible," otherwise he was not entitled to rely on his plea of self-defense. Defendant testified that Williams was advancing upon him at a distance of 10 or 12 feet with an open knife containing a five-inch blade and that Williams had ill will against him and had threatened him. "When an attack is made with a murderous intent, the person attacked is under no obligation to fly, but may stand his ground and kill his adversary, if need be." *State v. Godwin,* 211 N.C. 419, 422, 190 S.E. 761. See also *State v. Washington,* 234 N.C. 531, 67 S.E. 2d 498. The jury must not only consider the case in accordance with the State's theory but also in accordance with defendant's explanation.

All the evidence is to the effect that defendant was at a place he had a right to be, was without fault in bringing on or entering into the difficulty, and attempted to avoid the altercation. Deceased was committing either a felonious or non-felonious assault upon him. *Quaere:* Under these circumstances, has the State by its own showing rebutted the malice presumed from the use of a deadly weapon by defendant, and may defendant be convicted of more than manslaughter? We do not answer here for upon a retrial the evidence may be at variance with the record before us.

New trial.