NEWBY, Justice.
**671 This case is about whether the trial court erroneously instructed the jury when it omitted the relevant stand-your-ground provision from its instructions on self-defense, and, if so, whether such error was preserved. By omitting the relevant stand-your-ground provision, the trial court's jury instructions were an inaccurate and misleading statement of the law. Such error is preserved when the trial court deviates from an agreed-upon **672 pattern instruction. Defendant has shown a reasonable possibility that, had the trial court given the required stand-your-ground instruction, a different result would have been reached at trial. Accordingly, we reverse the decision of the Court of Appeals. Defendant is entitled to a new trial with proper self-defense and stand-your-ground instructions.
On 31 December 2012, defendant celebrated New Year's Eve at a neighbor's home in Elizabeth City. Shortly after midnight, defendant left his neighbor's home on foot and encountered several people convened around a car, including Quinton Epps (Epps) and defendant's cousin, Jamieal Walker (Walker). Epps and Walker were engaged in a heated argument. Epps ultimately left in the car, and defendant went inside his home. About twenty minutes later, another car approached defendant's home. Defendant and Walker were standing "beside the house and in the front yard." Defendant saw Epps exit the car's back passenger side. Walker and Epps began arguing, and Epps became verbally abusive and aggressive. Epps got back into the car and left the scene. Soon thereafter, another car drove alongside defendant's backyard, stopping briefly. Defendant retrieved his pistol and concealed it on his person, "[out of] instinct," though defendant believed "[Epps] wasn't a threat at th[at] time." The car ultimately parked three houses down from defendant's residence. Epps and several others exited the car.
Defendant and Walker walked down the street to talk to Epps. Epps and Walker again argued in the street and sidewalk area *565 as defendant watched from a short distance. Defendant saw that Epps had a gun behind his back. The argument escalated, and Walker punched Epps in the face. Epps grabbed Walker's hoodie, shot him twice in the stomach, and continued shooting as Walker turned to flee. Walker was later found dead nearby.
After Epps fired his last shot at Walker, Epps turned and pointed his gun at defendant. Before Epps could fire, defendant fatally shot Epps. Defendant stated that it happened quickly, lasting approximately four seconds, and added that he would have shot Epps to protect Walker but could not get a clear shot because Epps and Walker were too close together during the struggle. Defendant was ultimately indicted for first-degree murder.
At trial defendant asserted that he fired the fatal shot in self-defense, maintaining that he shot Epps only after Epps turned the gun on him and denying that he continued to shoot after Epps fell to the ground. Defendant introduced evidence supporting his version of events, including, inter alia , an eyewitness, his police interview, and taped telephone calls from the jail. The State argued defendant did not shoot in **673 self-defense and introduced, inter alia , a witness who testified that while Epps was "on the ground," defendant "came out of nowhere" and "[ran] up and [kept] shooting [Epps]." During closing arguments, the State contended that defendant should have retreated because a reasonable person in defendant's shoes would have "removed himself from the situation" and "run[ ] away."
At the trial court's request, the parties agreed to the delivery of N.C.P.I.-Crim. 206.10, the pattern jury instruction on first-degree murder and self-defense. This instruction provides, in relevant part: "Furthermore, the defendant has no duty to retreat in a place where the defendant has a lawful right to be." N.C.P.I.-Crim. 206.10 (June 2014). In addition, N.C.P.I.-Crim. 308.10, which is incorporated by reference in footnote 7 of N.C.P.I.-Crim. 206.10 and is entitled "Self-Defense, Retreat," states that "[i]f the defendant was not the aggressor and the defendant was ... [at a place the defendant had a lawful right to be], the defendant could stand the defendant's ground and repel force with force." Id. 308.10 (June 2012) (brackets in original).
Though the trial court agreed to instruct the jury on self-defense according to N.C.P.I.-Crim. 206.10, it ultimately omitted the "no duty to retreat" language of N.C.P.I.-Crim. 206.10 from its actual instructions without prior notice to the parties and did not give any part of the "stand-your-ground" instruction. Defense counsel did not object to the instruction as given. Though the jury reported that it was deadlocked, it ultimately convicted defendant of second-degree murder, following approximately nine hours of deliberation. Defendant appealed.
At the Court of Appeals, defendant argued that the trial court's "omission of a jury instruction that a person confronted with deadly force has no duty to retreat but can stand his ground" was error, preserved by the trial court's deviation from the agreed-upon pattern instruction, see State v. Withers , 179 N.C. App. 249, 255, 633 S.E.2d 863, 867 (2006), or plain error, regardless, see State v. Wilson , 197 N.C. App. 154, 164-65, 676 S.E.2d 512, 518-19, disc. rev. denied , --- N.C. ----, 684 S.E.2d 158 (2009). The Court of Appeals affirmed defendant's conviction, reasoning that the law limits a defendant's right to stand his ground to "any place he or she has the lawful right to be," State v. Lee , --- N.C. App. ----, ----, 789 S.E.2d 679, 685 (2016) (emphasis omitted) (quoting N.C.G.S. § 14-51.3(a) (2015) ), which did not include the public street where the incident occurred. We allowed defendant's petition for discretionary review.
Defendant contends the trial court erroneously omitted the relevant stand-your-ground provision and that such error is preserved by the **674 trial court's deviation from the pattern instruction. We conclude that, by omitting the relevant stand-your-ground provision from the agreed-upon instructions on self-defense, the trial court's jury instructions constituted preserved error.
"The jury charge is one of the most critical parts of a criminal trial."
*566 State v. Walston , 367 N.C. 721, 730, 766 S.E.2d 312, 318 (2014). "[W]here competent evidence of self-defense is presented at trial, the defendant is entitled to an instruction on this defense, as it is a substantial and essential feature of the case...." State v. Morgan , 315 N.C. 626, 643, 340 S.E.2d 84, 95 (1986) (citations and emphasis omitted); see State v. Guss , 254 N.C. 349, 351, 118 S.E.2d 906, 907 (1961) (per curiam) ("The jury must not only consider the case in accordance with the State's theory but also in accordance with defendant's explanation.").
Our statutes provide two circumstances in which individuals are justified in using deadly force, thus excusing them from criminal culpability. Section 14-51.3 of North Carolina's General Statutes, entitled "Use of force in defense of person; relief from criminal or civil liability," provides:
(a) A person is justified in using force, except deadly force, against another when and to the extent that the person reasonably believes that the conduct is necessary to defend himself or herself or another against the other's imminent use of unlawful force. However, a person is justified in the use of deadly force and does not have a duty to retreat in any place he or she has the lawful right to be if either of the following applies:
(1) He or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself or another.
....
(b) A person who uses force as permitted by this section is justified in using such force and is immune from civil or criminal liability for the use of such force....
N.C.G.S. § 14-51.3 (2017) (emphases added).
Section 14-51.2, entitled "Home, workplace, and motor vehicle protection; presumption of fear of death or serious bodily harm," provides that "[a] lawful occupant within his ... home, motor vehicle, or workplace does not have a duty to retreat from an intruder,"
id="p675" href="#p675" data-label="675" data-citation-index="2" class="page-label">**675id. § 14-51.2(f) (2017), and "is presumed to have held a reasonable fear of imminent death or serious bodily harm to himself ... or another when using defensive force" in the case of "an unlawful and forcible entry," id. § 14-51.2(b) (2017). The relevant distinction between the two statutes is that a rebuttable presumption arises that the lawful occupant of a home, motor vehicle, or workplace reasonably fears imminent death or serious bodily harm when using deadly force at those locations under the circumstances in N.C.G.S. § 14-51.2(b). This presumption does not arise in N.C.G.S. § 14-51.3(a)(1).[1]
Under either statutory provision, a person does not have a duty to retreat, but may stand his ground.[2] Accordingly, when, as here, the defendant presents competent evidence of self-defense at trial, the trial court must instruct the jury on a defendant's right to stand his ground, as that instruction informs the determination of whether the defendant's actions were reasonable under the circumstances, a critical component of self-defense. See State v. Blevins , 138 N.C. 668, 670-71, 50 S.E. 763, 764 (1905) ("[The] necessity, real or apparent, [is] to be determined by the jury" and the defendant "can have that necessity determined in view of the fact that he has a right to stand his ground...."); N.C.P.I.-Crim. 206.10 (A successful self-defense *567 claim requires, inter alia , a showing that "the defendant believed it was necessary to kill the victim ... to save [himself] from death or great bodily harm.").
Though the trial court here agreed to instruct the jury on self-defense under N.C.P.I.-Crim. 206.10, it omitted the "no duty to retreat" language of N.C.P.I.-Crim. 206.10 without notice to the parties and did not give any part of N.C.P.I.-Crim. 308.10, the "stand-your-ground" instruction. While defendant offered ample evidence at trial that he acted in self-defense **676 while standing in a public street where he had a right to be when he shot Epps, the trial court did not instruct the jury that defendant could stand his ground. The State nonetheless contends that defendant did not object to the instruction as given, thereby failing to preserve the error below and rendering his appeal subject to plain error review only.
When a trial court agrees to give a requested pattern instruction, an erroneous deviation from that instruction is preserved for appellate review without further request or objection.
[A] request for an instruction at the charge conference is sufficient compliance with the rule to warrant our full review on appeal where the requested instruction is subsequently promised but not given, notwithstanding any failure to bring the error to the trial judge's attention at the end of the instructions.
State v. Ross , 322 N.C. 261, 265, 367 S.E.2d 889, 891 (1988). Because the trial court here agreed to instruct the jury in accordance with N.C.P.I.-Crim. 206.10, its omission of the required stand-your-ground provision substantively deviated from the agreed-upon pattern jury instruction, thus preserving this issue for appellate review under N.C.G.S. § 15A-1443(a).
Moreover, the record reflects a reasonable possibility that, had the trial court given the required stand-your-ground instruction, a different result would have been reached at trial. See State v. Ramos , 363 N.C. 352, 355-56, 678 S.E.2d 224, 227 (2009) (applying "reasonable possibility" of "different result" standard to determine whether erroneous instruction was prejudicial). During closing argument the State contended that defendant's failure to retreat was culpable. As such, the omission of the stand-your-ground instruction permitted the jury to consider defendant's failure to retreat as evidence that his use of force was unnecessary, excessive, or unreasonable. See State v. Smith , 360 N.C. 341, 346, 626 S.E.2d 258, 261 (2006) (The purpose of a jury instruction "is to give a clear instruction which applies the law to the evidence" and thus "assist the jury in understanding the case and in reaching a correct verdict." (quoting State v. Williams, 280 N.C. 132, 136, 184 S.E.2d 875, 877 (1971) ) ). Accordingly, defendant is entitled to a new trial with proper instructions on self-defense.[3]
In sum, we conclude that by omitting the stand-your-ground provision from the agreed-upon instructions on self-defense, the trial court's jury **677 instructions constituted preserved error. Defendant has shown a reasonable possibility that, had the trial court included the stand-your-ground provision in its instructions, a different result would have been reached at trial. Accordingly, we reverse the decision of the Court of Appeals and remand this case to that court with instructions to vacate defendant's conviction and further remand this case to the trial court for a new trial with proper instructions on self-defense and stand-your-ground.
REVERSED AND REMANDED; NEW TRIAL.

Contrary to the opinion below, the phrase "any place he or she has the lawful right to be" is not limited to one's home, motor vehicle, or workplace, but includes any place the citizenry has a general right to be under the circumstances. See , e.g. , Guss , 254 N.C. at 351, 118 S.E.2d at 907 ; see also Research Div., N.C. Gen. Assembly, Summaries of Substantive Ratified Legislation 2011, at 48 (Dec. 2011) ("A person, wherever located , has no duty to retreat, and may use what force is necessary...." (emphasis added) ).

In 2011 the General Assembly amended the law of self-defense in North Carolina, Act of June 17, 2011, ch. 268, sec. 1, 2011 N.C. Sess. Laws 1002, 1002-04, to clarify that one who is not the initial aggressor may stand his ground, regardless of whether he is in or outside the home. Compare State v. Godwin , 211 N.C. 419, 422, 190 S.E. 761, 763 (1937) ("When an attack is made with a murderous intent, the person attacked ... may stand his ground and kill his adversary, if need be."), with State v. Pennell , 231 N.C. 651, 654, 58 S.E.2d 341, 342 (1950) ("[W]hen a person ... is attacked in his own dwelling, or home, or place of business ... the law imposes upon him no duty to retreat before he can justify his fighting in self-defense....").

Because we resolve defendant's appeal on this issue, we do not address his remaining arguments.