IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-1233-2

Filed: 6 October 2020

Onslow County, No. 16 CRS 54678

STATE OF NORTH CAROLINA

v.

ADAM RICHARD CAREY

Appeal by defendant from judgment entered 18 May 2018 by Judge Leonard L. Wiggins in Onslow County Superior Court. Heard in the Court of Appeals 5 June 2019. A divided panel of this Court vacated defendant's conviction and remanded for a new trial by opinion filed 16 July 2019. *State v. Carey*, __ N.C. App. __, 831 S.E.2d 597 (2019). By order dated 28 February 2020, the Supreme Court of North Carolina reversed and remanded to this Court "for consideration of defendant's remaining challenges to the trial court's judgments." *State v. Carey*, 373 N.C. 445, 838 S.E.2d 367 (2020).

*Attorney General Joshua H. Stein, by Assistant Attorney General J. Aldean ("Dean") Webster III, for the State.*

*Guy J. Loranger for defendant-appellant.*

TYSON, Judge.

Adam Richard Cary ("Defendant") appeals from judgments entered upon a jury's verdict finding him guilty of one count each of possession of a weapon of mass

death and destruction and impersonation of a law enforcement officer. Defendant

does not challenge his conviction for impersonation of a law enforcement officer,

which remains undisturbed. We vacate his conviction and judgment for possession

of a weapon of mass death and destruction and remand for a new trial.

## I. Background

The facts underlying this case are set forth in detail in our previous opinion

*State v. Carey*, __ N.C. App. __, 831 S.E.2d 597, and by the Supreme Court in *State v.*

*Carey*, 373 N.C. 445, 838 S.E.2d 367. The underlying facts are as follows:

> Defendant was operating a dark-colored Dodge Charger
> and pulled over a speeding vehicle on 16 July 2016.
> Defendant had "emergency lights" flashing on his car.
> State Highway Patrol Trooper Cross pulled behind
> Defendant's vehicle and noticed the registration plate was
> not consistent with or issued to a law enforcement agency.
> After further investigation, Defendant was arrested, and
> his car was searched incident to arrest. Officers found a
> medical technician badge, firearms, magazines,
> ammunition, suppressors, three diversionary flash bang
> grenades, and other items located inside of Defendant's
> car. Defendant was indicted on three counts of possession
> of weapons of mass destruction, impersonating a law
> enforcement officer, following too closely, and speeding.

*Carey*, __ N.C. App. at __, 831 S.E.2d at 599.

At trial,

> a jury returned verdicts finding Defendant guilty of one
> count of possession of a weapon of mass death and
> destruction and impersonation of a law enforcement
> officer. For the conviction of possession of a weapon of
> mass death and destruction charge, the court ordered

Defendant to serve a term of 16 to 29 months. The court suspended the sentence and imposed intermediate punishment, ordering Defendant to serve an active term of 120 days and placing him on supervised probation for a period of 24 months. . . . Defendant gave oral notice of appeal in open court.

*Id.*

## II. Jurisdiction

Jurisdiction lies in this Court from a final judgment of the superior court entered upon the jury's verdict pursuant to N.C. Gen. Stat. §§ 7A-27(b)(1) and 15A-1444(a) (2019). The appeal returns to this Court upon remand from the Supreme Court. *Carey*, 373 N.C. at 452, 838 S.E.2d at 373.

## III. Issues

Defendant argues the trial court erred by denying his motion to dismiss the weapon of mass death and destruction charge. Defendant also contends the trial court committed plain error by: (1) not finding he lawfully possessed and transported the flash bang grenades with his Marine Corp command's knowledge and consent, (2) denying his motion to dismiss the charge of possession of a weapon of mass death and destruction; and, (3) failing to instruct the jury on whether Defendant fell within a category of persons permitted to lawfully possess and transport a weapon of mass death and destruction under N.C. Gen. Stat. § 14-288.8(b)(3)(2019).

## IV. Standard of Review

Our Supreme Court has repeatedly held there is a duty of the trial court to instruct the jury on all of the substantive features of a case. *State v. Loftin*, 322 N.C. 375, 381, 368 S.E.2d 613, 617 (1988). "This is a duty which arises notwithstanding the absence of a request by one of the parties for a particular instruction." *Id.* (citations omitted). "All defenses arising from the evidence presented during the trial constitute substantive features of a case and therefore warrant the trial court's instruction thereon." *Id.* (citations omitted).

Our Rules of Appellate Procedure provide: "In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C. R. App. P. 10(a)(4).

To constitute plain error, the burden falls upon Defendant to show "not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Jordan*, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993) (citation omitted). Plain error should "be applied cautiously and only in the exceptional case" where the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (citation omitted).

The State has not moved to dismiss Defendant's appeal. The State also responded to and fully briefed the issues raised and argued.

## V. Lawful Possession

### A. Preservation

In Defendant's prior brief to this Court, Defendant did not argue the trial court's instructions to the jury failed to address whether he is included within a category of persons, who are permitted to lawfully possess and transport a weapon of mass death and destruction. Where a party "does not set forth any legal argument or citation to authority to support [the] contention [it is] deemed abandoned." *State v. Evans*, 251 N.C. App. 610, 625, 795 S.E.2d 444, 455 (2017). While Defendant did challenge the jury instructions, he concedes he did not argue the specific issue to this Court. He asks this Court to review this issue pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure.

> To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may, except as otherwise expressly provided by these rules, suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.

N.C. R. App. P. 2.

"Rule 2 relates to the residual power of our appellate courts to consider, in exceptional circumstances, significant issues of importance in the public interest, or

to prevent injustice which appears manifest to the Court and only in such instances." *Steingress v. Steingress*, 350 N.C. 64, 66, 511 S.E.2d 298, 299-300 (1999). This Court's discretionary ability to invoke Rule 2 is "intended to be limited to occasions in which a 'fundamental purpose' of the appellate rules is at stake, which will necessarily be 'rare occasions.'" *State v. Hart*, 361 N.C. 309, 316, 644 S.E.2d 201, 205 (2007) (citations omitted). In the exercise of our discretion, we invoke Rule 2 and review this issue. N.C. R. App. P. 2.

## B. Analysis

Our Supreme Court held "all substantive and material features of the crime with which a defendant is charged must be addressed in the trial court's instructions to the jury." *State v. Bogle*, 324 N.C. 190, 196, 376 S.E.2d 745, 748 (1989). "[W]hen instructions, viewed in their entirety, present the law fairly and accurately to the jury, the instructions will be upheld." *State v. Roache*, 358 N.C. 243, 304, 595 S.E.2d 381, 420 (2004) (citation omitted).

"[I]t is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be demonstrated that such error was likely, in light of the entire charge, to mislead the jury." *State v. Cornell*, 222 N.C. App. 184, 191, 729 S.E.2d 703, 708 (2012) (citations omitted). "In order for a new trial to be granted, the burden is on the defendant to not only show error but to also show that the error was so prejudicial that without the error it is likely that a different result

would have been reached." *State v. Owen*, 133 N.C. App. 543, 549, 516 S.E.2d 159, 164 (1999) (citation omitted).

Defendant argues the trial court failed to instruct the jury to consider whether Defendant was authorized to lawfully possess and transport the flash bang grenades. N.C. Gen. Stat. § 14-288.8(b)(3) provides for lawful possession of otherwise restricted weapons and states "This section does not apply to any of the following: . . . Persons under contract with the United States, the State of North Carolina, or any agency of either government, with respect to any activities lawfully engaged in under their contracts." This language in N.C. Gen. Stat. § 14-288.8(b)(3) states the unlawful possession "does not apply," is exculpatory, and is not an underlying element of the offense. *See State v. Palmer* __ N.C. App. __, __ S.E.2d__, 2020 WL 4758601 (2020).

### 1. *"Under Contract with the United States"*

Defendant testified and presented evidence he was serving upon active duty and under the command of the United States Marine Corps as his unit's armorer and weapons technician when he came into possession of the flash bang grenades. Defendant further testified he possessed and transported the flash bang grenades under orders and with his Corp command's knowledge and consent to an out of town training exercise, stored the unused items in his vehicle's trunk, and was returning them to base. The record shows the State returned the flash bang grenades taken from Defendant's vehicle to the owner, the Marine Corps, prior to trial.

"The jury must not only consider the case in accordance with the State's theory but also in accordance with [the] defendant's explanation." *State v. Guss*, 254 N.C. 349, 351, 118 S.E.2d 906, 907 (1961) (*per curiam*). The State did not challenge nor refute these facts and testimony before the trial court and stipulates before this Court to Defendant's active duty status and military occupational specialty as his unit's armorer and weapons technician at the time of his arrest on unrelated charges.

## 2. *State's Arguments*

The State argues Defendant delayed returning the weapons and was on a detour when stopped by police. Even if the State's argument is true, this would not overcome Defendant's properly admitted testimony and his right for the jury to resolve this issue. "[A]ll substantive and material features of the crime with which a defendant is charged must be addressed in the trial court's instructions to the jury." *Bogle*, 324 N.C. at 196, 376 S.E.2d at 748; *see Loftin*, 322 N.C. at 381, 368 S.E.2d at 617.

Defendant is entitled proper and complete jury instructions of all properly admitted evidence under N.C. Gen. Stat. § 14-288.8. *Id.*; *see Guss*, 254 N.C. at 351, 118 S.E.2d at 907. In light of our decision to grant a new trial on this issue, we do not address Defendant's remaining arguments, which are unlikely to arise again upon remand.

## VI. Conclusion

The trial court committed plain error in not instructing the jury on all the evidence presented and admitted under N.C. Gen. Stat. § 14-288.8. The jury, if properly instructed, would have had to consider and find all attendant circumstances relevant to the charge to exonerate or to properly convict Defendant. *Bogle*, 324 N.C. at 196, 376 S.E.2d at 748.

Under plain error review, this error in instructions to the jury was prejudicial to Defendant to mandate a new trial. Defendant's conviction of possession of a weapon of mass death and destruction and the judgment entered thereon is vacated, and this cause is remanded for a new trial. *It is so ordered.*

NEW TRIAL.

Judge MURPHY concurs.

Judge YOUNG dissents with separate opinion.

No. COA 18-1233 – *State v. Carey*

YOUNG, Judge, dissenting.

## I.     Introduction

The majority has held that the trial court committed plain error in not instructing the jury on all the evidence presented and admitted under N.C. Gen. Stat. § 14-288.8 (2019).  Because I do not believe that the Supreme Court's mandate permits us to consider this issue, I respectfully dissent from the majority's opinion vacating and remanding this case for a new trial.

## II.     Mandate

On his original appeal to this Court, defendant argued that the trial court erred in denying his motion to dismiss the charge of possession of a weapon of mass death and destruction, that the trial court committed plain error by failing to instruct the jury on the definition of "weapon of mass death or destruction," and that the trial court committed plain error by instructing the jury that it could find that the State satisfied the "weapon of mass death or destruction" element if it found defendant possessed a "grenade." The majority held that a flash bang grenade was not a weapon of mass death and destruction and therefore reversed the trial court's denial of defendant's motion to dismiss. The majority did not address defendant's remaining arguments.  The State appealed to the Supreme Court which held that a flash bang grenade was a weapon of mass destruction, and thus reversed the decision of this Court.  Specifically, the Supreme Court held that, "we reverse the Court of Appeals' decision to the contrary and remand this case to the Court of Appeals for

consideration of defendant's remaining challenges to the trial court's judgments." *State v. Carey*, 373 N.C. 445, 838 S.E.2d 367 (2020).

Not one of defendant's "remaining challenges" included a lawful possession argument. Defendant failed to address the issue of lawful possession at trial. Likewise, in his initial appeal to this Court he did not raise the issue of lawful possession. Nor did he raise that issue on appeal to our Supreme Court. "Our Supreme Court has long held that where a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to get a better mount in the appellate courts." *State v. Shelly,* 181 N.C. App. 196, 207, 638 S.E.2d 516, 524 (2007). It is therefore clear that the issue of lawful possession was not one of defendant's "remaining challenges" as expressed by the Supreme Court's mandate. "On the remand of a case after appeal, the mandate of the reviewing court is binding on the lower court, and must be strictly followed, without variation and departure from the mandate of the appellate court." *Collins v. Simms*, 257 N.C. 1, 11, 125 S.E.2d 298, 306 (1962). Our review on remand is properly limited to those issues defendant previously raised—lawful possession is not among them. Nor has defendant raised any arguments aside from lawful possession.

Nor do I believe that this is the sort of general mandate which would permit us to consider other issues. It is well established that remands may be general or limited in scope. *State v. Watkins*, 246 N.C. App. 725, 730, 783 S.E.2d 279, 283 (2015).

Typically, general remands are reviewed *de novo*, and limited remands are "limited to the issue or issues remanded." *Id.* The Supreme Court mandate specifically directed this Court to consider "defendant's remaining challenges to the trial court's judgments." For this reason, I believe this is a limited mandate, and therefore, consideration of the issue of lawful possession is beyond the scope.

III.    Conclusion

Because the issue of lawful possession is not properly before us, and because defendant raises no additional arguments aside from lawful possession upon remand, we are limited in accordance with the Supreme Court's mandate to those issues previously raised. I therefore would not address the issue of lawful possession. Again, in accordance with the Supreme Court's mandate, and as I stated in my previous dissent, I would find no error in the trial court's denial of defendant's motion to dismiss, and no plain error in the trial court's instructions to the jury.

For the foregoing reasons, I respectfully dissent.