IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1233-2

 Filed: 6 October 2020

Onslow County, No. 16 CRS 54678

STATE OF NORTH CAROLINA

 v.

ADAM RICHARD CAREY

 Appeal by defendant from judgment entered 18 May 2018 by Judge Leonard

L. Wiggins in Onslow County Superior Court. Heard in the Court of Appeals 5 June

2019. A divided panel of this Court vacated defendant’s conviction and remanded for

a new trial by opinion filed 16 July 2019. State v. Carey, __ N.C. App. __, 831 S.E.2d

597 (2019). By order dated 28 February 2020, the Supreme Court of North Carolina

reversed and remanded to this Court “for consideration of defendant’s remaining

challenges to the trial court’s judgments.” State v. Carey, 373 N.C. 445, 838 S.E.2d

367 (2020).

 Attorney General Joshua H. Stein, by Assistant Attorney General J. Aldean
 (“Dean”) Webster III, for the State.

 Guy J. Loranger for defendant-appellant.

 TYSON, Judge.

 Adam Richard Cary (“Defendant”) appeals from judgments entered upon a

jury’s verdict finding him guilty of one count each of possession of a weapon of mass
 STATE V. CAREY

 Opinion of the Court

death and destruction and impersonation of a law enforcement officer. Defendant

does not challenge his conviction for impersonation of a law enforcement officer,

which remains undisturbed. We vacate his conviction and judgment for possession

of a weapon of mass death and destruction and remand for a new trial.

 I. Background

 The facts underlying this case are set forth in detail in our previous opinion

State v. Carey, __ N.C. App. __, 831 S.E.2d 597, and by the Supreme Court in State v.

Carey, 373 N.C. 445, 838 S.E.2d 367. The underlying facts are as follows:

 Defendant was operating a dark-colored Dodge Charger
 and pulled over a speeding vehicle on 16 July 2016.
 Defendant had “emergency lights” flashing on his car.
 State Highway Patrol Trooper Cross pulled behind
 Defendant’s vehicle and noticed the registration plate was
 not consistent with or issued to a law enforcement agency.
 After further investigation, Defendant was arrested, and
 his car was searched incident to arrest. Officers found a
 medical technician badge, firearms, magazines,
 ammunition, suppressors, three diversionary flash bang
 grenades, and other items located inside of Defendant’s
 car. Defendant was indicted on three counts of possession
 of weapons of mass destruction, impersonating a law
 enforcement officer, following too closely, and speeding.

Carey, __ N.C. App. at __, 831 S.E.2d at 599.

 At trial,

 a jury returned verdicts finding Defendant guilty of one
 count of possession of a weapon of mass death and
 destruction and impersonation of a law enforcement
 officer. For the conviction of possession of a weapon of
 mass death and destruction charge, the court ordered

 -2-
 STATE V. CAREY

 Opinion of the Court

 Defendant to serve a term of 16 to 29 months. The court
 suspended the sentence and imposed intermediate
 punishment, ordering Defendant to serve an active term of
 120 days and placing him on supervised probation for a
 period of 24 months. . . . Defendant gave oral notice of
 appeal in open court.

Id.

 II. Jurisdiction

 Jurisdiction lies in this Court from a final judgment of the superior court

entered upon the jury’s verdict pursuant to N.C. Gen. Stat. §§ 7A-27(b)(1) and 15A-

1444(a) (2019). The appeal returns to this Court upon remand from the Supreme

Court. Carey, 373 N.C. at 452, 838 S.E.2d at 373.

 III. Issues

 Defendant argues the trial court erred by denying his motion to dismiss the

weapon of mass death and destruction charge. Defendant also contends the trial

court committed plain error by: (1) not finding he lawfully possessed and transported

the flash bang grenades with his Marine Corp command’s knowledge and consent, (2)

denying his motion to dismiss the charge of possession of a weapon of mass death and

destruction; and, (3) failing to instruct the jury on whether Defendant fell within a

category of persons permitted to lawfully possess and transport a weapon of mass

death and destruction under N.C. Gen. Stat. § 14-288.8(b)(3)(2019).

 IV. Standard of Review

 -3-
 STATE V. CAREY

 Opinion of the Court

 Our Supreme Court has repeatedly held there is a duty of the trial court to

instruct the jury on all of the substantive features of a case. State v. Loftin, 322 N.C.

375, 381, 368 S.E.2d 613, 617 (1988). “This is a duty which arises notwithstanding

the absence of a request by one of the parties for a particular instruction.” Id.

(citations omitted). “All defenses arising from the evidence presented during the trial

constitute substantive features of a case and therefore warrant the trial court’s

instruction thereon.” Id. (citations omitted).

 Our Rules of Appellate Procedure provide: “In criminal cases, an issue that

was not preserved by objection noted at trial and that is not deemed preserved by rule

or law without any such action nevertheless may be made the basis of an issue

presented on appeal when the judicial action questioned is specifically and distinctly

contended to amount to plain error.” N.C. R. App. P. 10(a)(4).

 To constitute plain error, the burden falls upon Defendant to show “not only

that there was error, but that absent the error, the jury probably would have reached

a different result.” State v. Jordan, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993)

(citation omitted). Plain error should “be applied cautiously and only in the

exceptional case” where the error “seriously affect[s] the fairness, integrity or public

reputation of judicial proceedings.” State v. Lawrence, 365 N.C. 506, 518, 723 S.E.2d

326, 334 (2012) (citation omitted).

 -4-
 STATE V. CAREY

 Opinion of the Court

 The State has not moved to dismiss Defendant’s appeal. The State also

responded to and fully briefed the issues raised and argued.

 V. Lawful Possession

 A. Preservation

 In Defendant’s prior brief to this Court, Defendant did not argue the trial

court’s instructions to the jury failed to address whether he is included within a

category of persons, who are permitted to lawfully possess and transport a weapon of

mass death and destruction. Where a party “does not set forth any legal argument

or citation to authority to support [the] contention [it is] deemed abandoned.” State v.

Evans, 251 N.C. App. 610, 625, 795 S.E.2d 444, 455 (2017). While Defendant did

challenge the jury instructions, he concedes he did not argue the specific issue to this

Court. He asks this Court to review this issue pursuant to Rule 2 of the North

Carolina Rules of Appellate Procedure.

 To prevent manifest injustice to a party, or to expedite
 decision in the public interest, either court of the appellate
 division may, except as otherwise expressly provided by
 these rules, suspend or vary the requirements or provisions
 of any of these rules in a case pending before it upon
 application of a party or upon its own initiative, and may
 order proceedings in accordance with its directions.

N.C. R. App. P. 2.

 “Rule 2 relates to the residual power of our appellate courts to consider, in

exceptional circumstances, significant issues of importance in the public interest, or

 -5-
 STATE V. CAREY

 Opinion of the Court

to prevent injustice which appears manifest to the Court and only in such instances.”

Steingress v. Steingress, 350 N.C. 64, 66, 511 S.E.2d 298, 299-300 (1999). This Court’s

discretionary ability to invoke Rule 2 is “intended to be limited to occasions in which

a ‘fundamental purpose’ of the appellate rules is at stake, which will necessarily be

‘rare occasions.’” State v. Hart, 361 N.C. 309, 316, 644 S.E.2d 201, 205 (2007)

(citations omitted). In the exercise of our discretion, we invoke Rule 2 and review

this issue. N.C. R. App. P. 2.

 B. Analysis

 Our Supreme Court held “all substantive and material features of the crime

with which a defendant is charged must be addressed in the trial court’s instructions

to the jury.” State v. Bogle, 324 N.C. 190, 196, 376 S.E.2d 745, 748 (1989). “[W]hen

instructions, viewed in their entirety, present the law fairly and accurately to the

jury, the instructions will be upheld.” State v. Roache, 358 N.C. 243, 304, 595 S.E.2d

381, 420 (2004) (citation omitted).

 “[I]t is not enough for the appealing party to show that error occurred in

the jury instructions; rather, it must be demonstrated that such error was likely, in

light of the entire charge, to mislead the jury.” State v. Cornell, 222 N.C. App. 184,

191, 729 S.E.2d 703, 708 (2012) (citations omitted). “In order for a new trial to be

granted, the burden is on the defendant to not only show error but to also show that

the error was so prejudicial that without the error it is likely that a different result

 -6-
 STATE V. CAREY

 Opinion of the Court

would have been reached.” State v. Owen, 133 N.C. App. 543, 549, 516 S.E.2d 159,

164 (1999) (citation omitted).

 Defendant argues the trial court failed to instruct the jury to consider whether

Defendant was authorized to lawfully possess and transport the flash bang grenades.

N.C. Gen. Stat. § 14-288.8(b)(3) provides for lawful possession of otherwise restricted

weapons and states “This section does not apply to any of the following: . . . Persons

under contract with the United States, the State of North Carolina, or any agency of

either government, with respect to any activities lawfully engaged in under their

contracts.” This language in N.C. Gen. Stat. § 14-288.8(b)(3) states the unlawful

possession “does not apply,” is exculpatory, and is not an underlying element of the

offense. See State v. Palmer __ N.C. App. __, __ S.E.2d__, 2020 WL 4758601 (2020).

 1. “Under Contract with the United States”

 Defendant testified and presented evidence he was serving upon active duty

and under the command of the United States Marine Corps as his unit’s armorer and

weapons technician when he came into possession of the flash bang grenades.

Defendant further testified he possessed and transported the flash bang grenades

under orders and with his Corp command’s knowledge and consent to an out of town

training exercise, stored the unused items in his vehicle’s trunk, and was returning

them to base. The record shows the State returned the flash bang grenades taken

from Defendant’s vehicle to the owner, the Marine Corps, prior to trial.

 -7-
 STATE V. CAREY

 Opinion of the Court

 “The jury must not only consider the case in accordance with the State’s theory

but also in accordance with [the] defendant’s explanation.” State v. Guss, 254 N.C.

349, 351, 118 S.E.2d 906, 907 (1961) (per curiam). The State did not challenge nor

refute these facts and testimony before the trial court and stipulates before this Court

to Defendant’s active duty status and military occupational specialty as his unit’s

armorer and weapons technician at the time of his arrest on unrelated charges.

 2. State’s Arguments

 The State argues Defendant delayed returning the weapons and was on a

detour when stopped by police. Even if the State’s argument is true, this would not

overcome Defendant’s properly admitted testimony and his right for the jury to

resolve this issue. “[A]ll substantive and material features of the crime with which a

defendant is charged must be addressed in the trial court’s instructions to the jury.”

Bogle, 324 N.C. at 196, 376 S.E.2d at 748; see Loftin, 322 N.C. at 381, 368 S.E.2d at

617.

 Defendant is entitled proper and complete jury instructions of all properly

admitted evidence under N.C. Gen. Stat. § 14-288.8. Id.; see Guss, 254 N.C. at 351,

118 S.E.2d at 907. In light of our decision to grant a new trial on this issue, we do

not address Defendant’s remaining arguments, which are unlikely to arise again

upon remand.

 VI. Conclusion

 -8-
 STATE V. CAREY

 Opinion of the Court

 The trial court committed plain error in not instructing the jury on all the

evidence presented and admitted under N.C. Gen. Stat. § 14-288.8. The jury, if

properly instructed, would have had to consider and find all attendant circumstances

relevant to the charge to exonerate or to properly convict Defendant. Bogle, 324 N.C.

at 196, 376 S.E.2d at 748.

 Under plain error review, this error in instructions to the jury was prejudicial

to Defendant to mandate a new trial. Defendant’s conviction of possession of a weapon

of mass death and destruction and the judgment entered thereon is vacated, and this

cause is remanded for a new trial. It is so ordered.

 NEW TRIAL.

 Judge MURPHY concurs.

 Judge YOUNG dissents with separate opinion.

 -9-
 No. COA 18-1233 – State v. Carey

 YOUNG, Judge, dissenting.

 I. Introduction

 The majority has held that the trial court committed plain error in not

instructing the jury on all the evidence presented and admitted under N.C. Gen. Stat.

§ 14-288.8 (2019). Because I do not believe that the Supreme Court’s mandate

permits us to consider this issue, I respectfully dissent from the majority’s opinion

vacating and remanding this case for a new trial.

 II. Mandate

 On his original appeal to this Court, defendant argued that the trial court erred

in denying his motion to dismiss the charge of possession of a weapon of mass death

and destruction, that the trial court committed plain error by failing to instruct the

jury on the definition of “weapon of mass death or destruction,” and that the trial

court committed plain error by instructing the jury that it could find that the State

satisfied the “weapon of mass death or destruction” element if it found defendant

possessed a “grenade.” The majority held that a flash bang grenade was not a weapon

of mass death and destruction and therefore reversed the trial court’s denial of

defendant’s motion to dismiss. The majority did not address defendant’s remaining

arguments. The State appealed to the Supreme Court which held that a flash bang

grenade was a weapon of mass destruction, and thus reversed the decision of this

Court. Specifically, the Supreme Court held that, “we reverse the Court of Appeals’

decision to the contrary and remand this case to the Court of Appeals for
 STATE V. CAREY

 YOUNG, J., dissenting

consideration of defendant’s remaining challenges to the trial court’s judgments.”

State v. Carey, 373 N.C. 445, 838 S.E.2d 367 (2020).

 Not one of defendant’s “remaining challenges” included a lawful possession

argument. Defendant failed to address the issue of lawful possession at trial.

Likewise, in his initial appeal to this Court he did not raise the issue of lawful

possession. Nor did he raise that issue on appeal to our Supreme Court. “Our

Supreme Court has long held that where a theory argued on appeal was not raised

before the trial court, the law does not permit parties to swap horses between courts

in order to get a better mount in the appellate courts.” State v. Shelly, 181 N.C. App.

196, 207, 638 S.E.2d 516, 524 (2007). It is therefore clear that the issue of lawful

possession was not one of defendant’s “remaining challenges” as expressed by the

Supreme Court’s mandate. “On the remand of a case after appeal, the mandate of

the reviewing court is binding on the lower court, and must be strictly followed,

without variation and departure from the mandate of the appellate court.” Collins v.

Simms, 257 N.C. 1, 11, 125 S.E.2d 298, 306 (1962). Our review on remand is properly

limited to those issues defendant previously raised—lawful possession is not among

them. Nor has defendant raised any arguments aside from lawful possession.

 Nor do I believe that this is the sort of general mandate which would permit

us to consider other issues. It is well established that remands may be general or

limited in scope. State v. Watkins, 246 N.C. App. 725, 730, 783 S.E.2d 279, 283 (2015).

 2
 STATE V. CAREY

 YOUNG, J., dissenting

Typically, general remands are reviewed de novo, and limited remands are “limited

to the issue or issues remanded.” Id. The Supreme Court mandate specifically

directed this Court to consider “defendant’s remaining challenges to the trial court’s

judgments.” For this reason, I believe this is a limited mandate, and therefore,

consideration of the issue of lawful possession is beyond the scope.

 III. Conclusion

 Because the issue of lawful possession is not properly before us, and because

defendant raises no additional arguments aside from lawful possession upon remand,

we are limited in accordance with the Supreme Court’s mandate to those issues

previously raised. I therefore would not address the issue of lawful

possession. Again, in accordance with the Supreme Court’s mandate, and as I stated

in my previous dissent, I would find no error in the trial court’s denial of defendant’s

motion to dismiss, and no plain error in the trial court’s instructions to the jury.

 For the foregoing reasons, I respectfully dissent.

 3