An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-543

Filed 17 September 2025

Randolph County, No. 20CRS051310

STATE OF NORTH CAROLINA

v.

MICHAEL JARED MEDLEY, Defendant.

Appeal by defendant from judgment and order of commitment entered 23 March 2023 by Judge James P. Hill Jr. in Randolph County Superior Court. Heard in the Court of Appeals 26 February 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Hyrum J. Hemingway, for the State-appellee.*
>
> *Hynson Law, PLLC, by Warren D. Hynson, for defendant-appellant.*

GORE, Judge.

This case arises from defendant Michael J. Medley's conviction for second-degree murder following the shooting death of William Bennett outside a residence in Randleman, North Carolina. On appeal, defendant argues the trial court erred by omitting the "no duty to retreat" and "stand your ground" provisions from the jury's self-defense instructions, depriving him of a fair trial. This Court has jurisdiction to

review defendant's appeal pursuant to N.C.G.S. §§ 7A-27(b) and 15A-1444(a) as the judgment was entered in superior court, and defendant filed a timely notice of appeal. Upon review, we discern no prejudicial error.

**I.**

On 28 March 2020, defendant shot and killed William Bennett outside David Bennett's residence in Randleman, North Carolina. Earlier that day, defendant had driven David and another individual, Walter Rodriguez, to purchase drugs. Afterward, an altercation broke out between defendant and David, during which defendant elbowed David in the nose, resulting in a broken nose and visible injuries. Despite the altercation, the group returned to David's home later that evening, where David entered the house, leaving defendant outside near his vehicle.

William, who was on the porch, approached defendant to inquire about David's injuries. Witnesses observed the two men conversing without any visible signs of aggression. Moments later, a gunshot was heard, and William was seen running toward the house, bleeding from a gunshot wound to the chest. William collapsed inside and was pronounced dead later that night. Witnesses testified they did not see William brandishing a weapon during the interaction.

Defendant fled the scene and was apprehended two days later. During a standoff with law enforcement, defendant claimed he acted in self-defense, alleging William had attacked him with a tree-climbing spike. However, a search of the scene yielded no evidence of such a weapon, and testimony at trial described the spike as a

large, conspicuous object that would have been difficult to conceal.

At trial, defendant was charged with second-degree murder in violation of N.C.G.S. § 14-17. During the charge conference, the trial court agreed to instruct the jury on second-degree murder and self-defense using the pattern jury instructions. The court also provided an instruction on flight as evidence of consciousness of guilt. Both the State and the defense reviewed and approved the final instructions before they were given to the jury.

During deliberations, the jury asked for clarification regarding the size and weight of defendant and the victim, but the trial court informed them that no additional evidence could be provided and that they must rely on the evidence presented at trial. The jury ultimately found defendant guilty of second-degree murder, and he was sentenced to an active prison term of 483 to 592 months. Defendant filed a timely notice of appeal.

## II.

### A.

During the charge conference, the trial court, in consultation with both parties, agreed to provide the substantive instruction for second-degree murder involving the use of a deadly weapon, along with all lesser-included offenses and self-defense (N.C.P.I. — Crim. 206.30). This instruction was modified to exclude references to the aggressor doctrine. However, the court entirely omitted the "no duty to retreat" provisions contained in N.C.P.I. — Crim. 206.30 and failed to include the "stand-your-

ground" instruction from N.C.P.I. — Crim. 308.10, which is incorporated by reference in footnote 4 of N.C.P.I. — Crim. 206.30.

These omissions resulted in a deviation from the agreed-upon pattern jury instruction. As established in *State v. Lee*, 370 N.C. 671, 676 (2018), when a trial court departs from an agreed pattern instruction, the issue is preserved for appellate review without the need for further objection.

**B.**

Challenges to the trial court's jury instructions are reviewed de novo. *State v. Osorio*, 196 N.C. App. 458, 466 (2009). Employing de novo review, this Court considers the matter anew and freely substitutes its own judgment for that of the trial court. *State v. Williams*, 362 N.C. 628, 632–33 (2008).

When competent evidence of self-defense is introduced at trial, a defendant is entitled to a jury instruction on self-defense that includes the applicable stand-your-ground provision. *See Lee*, 370 N.C. at 674; *State v. Bass*, 371 N.C. 456, 542 (2018). The statutory framework for perfect self-defense in North Carolina is outlined in N.C.G.S. § 14-51.3(a)(1) and has been further clarified in case law. *See State v. McLymore*, 380 N.C. 185, 191 (2022) (holding that N.C.G.S. § 14-51.3 supplants the common law right to perfect self-defense and provides the exclusive statutory framework for such claims). When determining whether a perfect self-defense instruction is required, the evidence must be viewed in the light most favorable to the defendant. *State v. Moore*, 363 N.C. 793, 796 (2010).

The State concedes that defendant was entitled to a perfect self-defense instruction, which should have informed the jury that defendant had no duty to retreat. The State further acknowledges that the trial court erred in omitting this instruction.

As defendant acknowledges, to establish reversible error from the trial court's omission, he must show that the omission resulted in prejudice. An error is considered prejudicial only if "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." *State v. Phillips*, 386 N.C. 513 (2024) (quoting N.C.G.S. § 15A-1443(a)); *Lee*, 370 N.C. at 676. This analysis requires an evaluation of the strength of the State's evidence supporting the conviction and whether the jury's considerations suggest they might have reached a different conclusion with the omitted instruction. *State v. Brichikov*, 383 N.C. 543, 557 (2022).

The burden is on the defendant to establish the existence of such prejudice on appeal. *State v. Tatum-Wade*, 229 N.C. App. 83, 94 (2013). A defendant cannot rely on a bare assertion of prejudice but must specifically explain how the error affected the jury's verdict. *Id.* at 94–95; *State v. Bailey*, 280 N.C. 264, 269 (1972). A "particularized argument" showing the impact of the error is required to meet this burden. *Tatum-Wade*, 229 N.C. App. at 94–95. Speculative claims or mere assertions are insufficient. *State v. Garcell*, 363 N.C. 10, 58 (2009); *State v. Frye*, 341 N.C. 470, 494 (1995).

In this case, defendant has failed to demonstrate a reasonable possibility that the trial court's error affected the jury's verdict.

**III.**

Defendant contends the trial court erred by omitting the no-duty-to-retreat and stand-your-ground provisions from the jury's self-defense instructions. He argues this omission deprived the jury of the proper legal framework to evaluate his self-defense claim under N.C.G.S. § 14-51.3, which provides that a person lawfully present at the scene has no duty to retreat before using defensive force. Defendant further asserts that the omission created ambiguity about his right to stand his ground, potentially leading the jury to infer that he was required to retreat. He claims this error undermined his right to a fair trial and improperly shifted the burden of proof, which rests with the State, resulting in prejudice. Citing N.C.G.S. § 15A-1443(a), defendant argues the incomplete instructions likely misled the jury and affected the verdict, warranting a new trial.

The evidence at trial overwhelmingly refuted defendant's claim of self-defense. Witnesses consistently testified that the victim was unarmed and posed no imminent threat to defendant. Law enforcement conducted a thorough search of the scene and found no tree-climbing spike or other weapon matching defendant's description. Furthermore, the knives recovered from the victim's pockets were significantly smaller and of a different shape than the purported weapon, and neither showed any signs of blood or use. The absence of any corroborating evidence for defendant's

version of events, coupled with testimony from multiple witnesses, strongly undermined his credibility.

Additionally, defendant's flight from the scene and subsequent actions—evading law enforcement, attempting to conceal evidence, and engaging in a two-hour standoff—were inconsistent with a claim of justified self-defense. These behaviors demonstrated a consciousness of guilt that further supported the jury's verdict.

The record contains no evidence that the jury based its decision on defendant's failure to retreat. During deliberations, the jury's questions focused on the comparative size and strength of defendant and the victim—factors directly relevant to the reasonableness of defendant's use of force. This indicates the jury concentrated on evaluating the proportionality of defendant's response to the alleged threat rather than on whether defendant should have retreated.

Moreover, the State did not argue that defendant was required to retreat or suggest that his failure to do so was culpable. Unlike in *Lee*, where the State explicitly emphasized the defendant's failure to retreat, 370 N.C. at 676, the arguments in this case centered on the implausibility of defendant's account and the strength of the evidence against him.

Defendant's argument for prejudice relies on speculative assertions rather than particularized evidence. While defendant contends the omission of the "no duty to retreat" instruction left the jury with a "misleading and incomplete" understanding of self-defense, he has not identified any specific aspect of the trial or the jury's

deliberations that supports this claim. As the court held in *State v. Tatum-Wade*, a bare assertion of prejudice is insufficient; the defendant must provide a detailed explanation of how the error affected the verdict. 229 N.C. App. at 94. Here, no such explanation has been provided.

## IV.

Given the overwhelming evidence of guilt, the absence of any indication that the jury considered defendant's failure to retreat, and the speculative nature of defendant's prejudice argument, the omission of the "no duty to retreat" instruction does not warrant reversal. Accordingly, we discern no prejudicial error in the trial court's written judgment and order of commitment.


NO PREJUDICIAL ERROR.

Judges ZACHARY and COLLINS concur.

Report per Rule 30(e).